## MINERAL SCHOOL DIST. NO. 10 v. PENNINGTON COUNTY.

Laws 1897, p. 131, c. 57, subd. 5, sec. 1, authorizes school districts to levy taxes and report the amount to the county auditor, who is required to include this tax as a part of the tax to be collected by the county treasurer. Laws 1897, p. 60, c. 28, sec. 79, makes the county treasurer the collector of all taxes, and requires him to place them, when collected, to the credit of the proper fund. Section 95 (page 65) provides that the county treasurer shall immediately after each settlement pay over to the treasurer of any municipal corporation or any organized township or any body politic all moneys received by him, arising from taxes levied and collected, belonging to such municipal corporation, etc. A county treasurer, in attempting to collect certain taxes assessed by a school district upon property within its boundaries, was enjoined from so doing by a federal court, and expended money in defending injunction proceedings. The taxes were afterwards collected. Held, that the county had no right to retain a portion of the sum so collected as the school district's share of defending the injunction suit.

(Opinion filed July 12, 1905)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by Mineral School District No. 10 against the county of Pennington. From a judgment for plaintiff, defendant appeals. Affirmed.

*Buell & Gardner*, for appellant.
*Charles W. Brown*, for respondent.

Corson, P. J.   This is an action by the plaintiff school district to recover of the defendant certain moneys alleged to have been collected by it and withheld from the plaintiff, Findings and judgment being in favor of the plaintiff, the defendant has appealed.

The facts presented by the findings of the court may be summarized as follows:. The plaintiff is an incorporated school district, and within its boundaries is the Harney Peak Mining, Milling & Manufacturing Company, owning certain tin mines and personal property.   In the years 1893, 1894, 1895, 1896, certain personal property taxes were assessed against said company, including taxes to the amount of about $3,300 for school purposes.   The Harney Peak Company refused to pay said taxes, and the treasurer of Pennington county attempted to collect the same by levy and sale of its pesonal property. An action was commenced in the United States Circuit Court by the Harney Peak Company to restrain the treasurer from proceeding to collect these taxes, and the county, in order to protect its interest, employed attorneys and incurred expense amounting to about $1,100 in defending said litigation.   Subsequently such proceedings were had by the county commissioners of Pennington county that the Harney Peak Company consented to pay and did pay the original amount of its personal property taxes, less penalty and interest.   The plaintiff school district was thereupon credited with the amount collected as its proportionate share due it of the said $3,300 levied as aforesaid for school purposes.   The county paid over to the

school district treasurer about $2,700, retaining the amount claimed in this action as its share of the school district's expense incurred in the litigation between the county and the Harney Peak Company, and this action was brought to recover the amount so retained. It will thus be seen that the Harney Peak Company refused to pay its personal property taxes for some years upon personal property included within the plaintiff school district, and that the county treasurer, when attempting to collect the same, was restrained in an action in the United States Circuit Court; and in defending that action the county expended the sum of about $1,100, and sought to retain from the plaintiff its proportion of the said expenses in contesting said action. The question presented therefore is, did the county have the right to retain from the plaintiff any portion of the amount of taxes so collected to satisfy its alleged portion of the expenses of the litigation above referred to? The appellant contends that it was proper and competent for the county to deduct from the amount of taxes so collected, belonging to said school district, its proportionate share of the expenses of such litigation. The respondent, on the other hand, denies the right of the county to withhold the sum claimed, or any part thereof. It is not claimed by the defendant county that there is any statutory provision authorizing it to withhold the amount claimed to be due the plaintiff, but it places its right to withhold the same upon two grounds: (1) That the county treasurer, in the collection of these taxes, was the agent of the school district as well as of the county, and, as such agent, was authorized to incur such reasonable expense as might be necessary to enable him to collect the same; (2) that in equity the school district should be charged with its

proportionate share of the expense incurred in this litigation resulting in the collection of the taxes due to said school district.

Under the law as it existed at the time these taxes were levied, the school district was authorized to levy taxes upon the property within its district for the support of the common schools, and report that amount to the county auditor, who was required to include it as a part of the taxes to be collected by the county treasurer. Section 1, subc. 5, c. 57, p. 131, Laws 1897. It is further provided that the county treasurer shall be the collector and receiver of all taxes extended upon the tax list of the county, and all delinquent taxes, whether levied for county, state, city, town, school, poor, bridge, road, or other purposes, and he shall proceed to collect the same according to law, and to place the same, when collected, to the credit of the proper fund. Section 79, c. 28, p. 60. Sess. Laws 1897, constituting section 2145 of the Revised Political Code. By section 95, c. 28, p. 65, of the act of 1897, it is further provided: "The county treasurer shall immediately after each settlement pay over to the treasurer of any municipal corporation or any organized township, or any body politic, on the order of the county auditor, all moneys received by him arising from taxes levied and collected, belonging to such municipal corporation or organized township, body politic, or school township or district, and shall require said treasurer to whom such payment is made to receipt upon the back of said order for the same." This section constitutes section 2158 of the Revised Political Code.

It will thus be seen that the management of the financial affairs of the school district, and the levy of the taxes for the

support of the same, are vested in the school district, which is required to report the same to the county auditor, who is required to include the same in the taxes listed; and it is made the duty of the treasurer to collect the same, and pay the same over to the district. No authority seems to be vested in the board of county commissioners or in the county treasurer to make any deduction from the amount so collected for such school district for any purpose whatever. The duties of the county treasurer are imposed by law. and in performing these duties he acts as an officer of the county, and not the agent of the school district. The law prescribes the duties of the county treasurer, and the manner in which he shall proceed to collect the delinquent taxes, and the expenses incurred in such collection are ordinarily to be collected of the taxpayer; and when taxes are collected, belonging to any school district, no authority is conferred by the statute upon him to make any deduction from the amount collected for the school district, or retain in his hands for any purpose any portion of the amount so collected. Neither is the board of county commissioners authorized by law to charge up to any school district any portion of the expenses for the collection of any taxes due such district. It is reasonable to presume that the school district officers, in the management of the affairs of the district, levied such an amount of taxes as was required to pay the expenses of the school district; and, within the limitation provided by statute, they had the sole management and control of the financial affairs of the district. It was not competent, therefore, for either the treasurer or the board of county commissioners to retain from the amounts so collected for such district any portion thereof as its proportion of the expenses in-

curred in making such collection. While it might have been, and probably was, proper for the board of county commissioners to authorize the employment of counsel in the litigation resulting from the attempt to enforce collection of the taxes, no authority seems to have been given the board of county commissioners to charge any portion of said expenses up to the school district; and, in the absence of such statutory authority, it is quite clear that the expenses of such litigation must be borne by the county. The duty of the county treasurer to pay over the amount collected to the school district being imposed by law, he could not legally retain any portion thereof from such district in the absence of any statutory authority authorizing him so to do.

The court was clearly right, therefore, in its conclusions of law that the school district was entitled to recover the amount so retained by the county treasurer. The money collected belonged to the school district, and, there being no statutory authority for retaining any portion of it for expenses of litigation, the county treasurer was required to pay it over to the school district treasurer; and, the same having been retained in the county treasury, the county was clearly liable therefor. The contention of the appellant that the county had an equitable right to retain this amount cannot be maintained, as it could only retain such sum as it was authorized so to do by law. The question is not one coming within the principles of equity jurisdiction, as the rights of the parties are solely governed by the provisions of the statute. No authorities are cited by the appellant, and we think that none can be found, which would authorize the county to withhold from the plaintiff any portion of the amount collected for the plaintiff.

These views lead to an affirmance of the judgment and order denying a new trial, and the judgment of the circuit court and order denying such new trial are affirmed.