# BOARD OF COMMISSIONERS OF THE COUNTY OF JAY
## *v.* PIKE CIVIL TOWNSHIP.

[No. 20,942.   Filed May 28, 1907.]

1. FEES AND SALARIES.—*Constructive.*—No fees are collectible by a public officer, unless there is a statute expressly authorizing same, and fixing the amount; and constructive fees are not allowable.   p. 536.

2. SAME. — *County Auditors.* — *Road Tax Lists.* — Neither §6834 Burns 1901, Acts 1885, p. 202, requiring county auditors to procure and deliver road tax lists to township trustees, nor §§6521, 6522 Burns 1901, Acts 1895, p. 319, §§115, 116, specifying the fees to be taxed by the auditor, and authorizing the taxing of the same fees as taxed under former laws, in cases of omission, authorize the county auditor to tax any fee to the township trustees for providing them with road tax lists.   p. 537.

3. SAME.—*Counties.—Payment.—Voluntary.—Mistakes of Law.* —A payment to a county by township trustees for the procurement and delivery to them of road tax lists by the county auditor, is not voluntary under a mistake of law on the part of such townships, preventing a recovery thereof, since such townships did not make such payment nor consent thereto.   p. 537.

4. COUNTIES.—*Appropriations by Council.—When Failure of, a Defense.*—The failure of a county council to appropriate money to repay township money unlawfully paid into the county treasury for the auditor's procuring and furnishing to the township trustee the road tax lists, is no defense to an action therefor; but such failure to appropriate is a defense where the alleged obligation was incurred in violation of §5594e1 Burns 1901, Acts 1899, p. 343, §25, making void any contracts entered into by county officers, or agents, where the money to pay same had not been appropriated by such council. p. 538.

From Jay Circuit Court; *John F. La Follette,* Judge.

Action by Pike Civil Township against the Board of Commissioners of the County of Jay.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*J. W. Headington,* for appellant.
*Richard H. Hartford,* for appellee.

Monks, J.—It appears from the record that in the year 1900 the auditor of Jay county procured and delivered a list of the road taxes to the trustee of appellee as required by §6834 Burns 1901, Acts 1885, p. 202, for which he charged and demanded a fee, which said trustee paid to said auditor out of the funds of appellee. Said auditor afterwards reported and paid said fee into the county treasury under §6530 Burns 1901, Acts 1895, p. 319, §124, and the same was converted to the use of the county. Appellee afterwards filed a claim in the office of the auditor of said county to recover said fee, on the ground that appellee could not be required to pay any fee or charge whatever for said list of road taxes, but that the law required the same to be procured and delivered free of expense to appellee's trustee. This claim was disallowed by appellant. Thereupon this action was brought by appellee to recover said fee. There was judgment in favor of appellee.

The questions presented by the record are: (1) Has a county auditor any legal right to tax and collect any fee or compensation for procuring and delivering lists of road taxes to township trustees? (2) Can a civil township recover back township funds paid by its trustees for such lists if no charge therefor was authorized by law? (3) Is an appropriation by the county council to pay such a claim a necessary prerequisite to the maintenance of this action?

If the first and third questions can be answered in the negative, and the second question in the affirmative, the judgment must be affirmed; otherwise, it must be reversed.

It is well settled that no person is liable for fees or charges to a public officer unless there is a statute expressly authorizing the same and fixing the amount thereof.

1. *Board, etc., v. Fullen* (1889), 118 Ind. 158, 161.

It is the settled policy of the legislature of this State to deny constructive fees and salaries. *Eley* v. *Miller* (1893), 7 Ind. App. 529, 534-536, and cases cited.

Section 6834, *supra,* makes it the duty of the county auditor to procure and deliver to each township trustee a list of the road taxes of his township. But this section does not provide for nor authorize the taxing or charging of a fee for such services. Appellant has called attention to §§6521, 6522 Burns 1901, Acts 1895, p. 319, §§115, 116, as authorizing such fee. Said §6521, which enumerates what fees the auditor shall tax and collect on behalf of the county, makes no provision for a fee for road tax lists. Said §6522 does not authorize the taxing of such a fee, because the auditor was not authorized by any law existing at the time of the enactment of that section to tax a fee in his own favor for making road tax lists.

Passing to the second question before stated, it is insisted by appellant that the payment to appellee by the trustee was a voluntary payment under a mistake of law, and cannot therefore be recovered. Such payment as the one complained of here cannot be put on the basis of ordinary payments made under a mistake of law. What was said by this court in *Board, etc.,* v. *Heaston* (1896), 144 Ind. 583, 593-596, 55 Am. St. 192, concerning payments by authority of boards of commissioners is applicable here. The court said: "In their administrative capacity the commissioners exercise their power as public or special agents and cannot exceed the authority conferred upon them by law. The latter is the letter of their agency. Within legal limits, or scope of their authority, their action in auditing, determining and allowing the amount due to a creditor of the county, in the absence of fraud, or perhaps mistake, binds the latter. But they cannot bind the county by allowing and ordering a claim to be paid, not legally chargeable to it, or the allowance of which is prohibited by statute. They have not unlimited choice as to the objects to which the money of the public shall be applied. * * * It was no payment by the county. The latter, as principal,

had no part in the payment. It could not, as a public corporation, be held to consent to the payment of, or expenditure of, the public money in defiance of law. Awarding to appellee this money, under the alleged facts, was in a legal sense equivalent to an unlawful appropriation of the county's money to his own use by the aid of its board of commissioners. The allowance and payment of the money being unlawful, the commissioners did not act within the scope of their authority, and therefore did not bind the county." See, also, *Daily* v. *Board, etc.* (1905), 165 Ind. 99; *Town of Ligonier* v. *Ackerman* (1874), 46 Ind. 552, 566, 15 Am. Rep. 323. So, in this case, the trustee could not bind appellee by allowing and paying a claim not legally chargeable to it. Appellee as principal, had no part in the payment and could not as a public corporation be held to consent to the expenditure of the public money in payment of a claim for which it was not liable. The payment of said fee was not therefore the act of appellee, but said fee was obtained and paid into the county treasury by virtue of the illegal act of appellee's trustee. It is clear that the rule of voluntary payment under mistake of law does not apply in this case.

While, under the county reform law, the board of commissioners is prohibited from allowing a claim in the absence of an appropriation by the county council to pay the 4.    same, the want of such an appropriation is not a defense in an action in court on a claim like this. If this were an action on a claim created in violation of section twenty-five of the county reform law (Acts 1899, pp. 343, 352, §5594e1 Burns 1901), the rule would be otherwise, such a claim being void in the absence of such appropriation.

Judgment affirmed.