## BARTHOLOMEW v. CITY OF TIPTON.

[No. 9,481.   Filed February 20, 1918.]

MUNICIPAL CORPORATIONS.—*City Treasurer.—Public Improvements.—Collection of Assessments.—Fees.*—Under §872 Burns 1914, Acts 1907 p. 550, providing that under certain circumstances city lots shall be sold by the county treasurer to recover delinquent public improvement assessments and penalties and that all other provisions of law relating to the collecting and accounting for street, county, township, road, city, school and other taxes shall, so far as the same are applicable, apply with like force and effect in case of municipal assessments in cities of the class referred to in the act, and §1 of the act of 1909, Acts 1909 p. 454, relating to the election of city officers, their terms, salaries, etc., and providing that in cities where the county treasurer acts as city treasurer he shall receive, in addition to his salary, five per cent. of the amount of all delinquent taxes collected by him for the city, the treasurer of a city required to elect that officer is not entitled to five per cent. on amounts collected for delinquent assessments for public improvements in the city, it being the settled policy of the legislature to deny constructive fees.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Thomas B. Bartholomew against the city of Tipton. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Gifford & Gifford,* for appellant.

*Kemp & Kemp,* for appellee.

CALDWELL, J.—Judgment was rendered against appellant for failure to plead over on the sustaining of a demurrer to his complaint. If the complaint does not state a cause of action, there must be an affirmance; otherwise a reversal. The material facts alleged in the complaint were in substance as follows: From January 5, 1910, to January 5, 1913, appellant was treasurer of the city of Tipton. Tipton is a city of the fifth class. During the time appellant was its treasurer it owned certain public utilities, **to**

wit, a water and a lighting plant. Consequently, although a county seat, it was required by the provisions of the act of 1909 to elect a city treasurer (Acts 1909, ch. 188, p. 454), that act being then in force. It was alleged that it was a part of appellant's duties as city treasurer to collect and account for delinquent assessments on street, sidewalk and sewer public improvements, together with ten per cent. penalty thereon; that as such city treasurer he did collect and account for delinquent assessments on public improvements of the kind named amounting to $3,403.99, together with penalties thereon amounting to $340.46, or a total of $3,744.45; that by reason of the facts he was entitled to recover five per cent. on the amount collected, for which he sued.

It was appellant's duty as city treasurer to collect such delinquent assessments including penalties. §§8717, 8721 Burns 1914, Acts 1909 p. 412. Since the city of Tipton belonged to a class authorized and required to have a city treasurer, appellant was charged with the duty of selling the involved property if necessary to the collection of such assessments and penalties. *Darby* v. *Vinnedge* (1913), 53 Ind. App. 525, 531, 100 N. E. 862. On delinquent assessments appellant was required to add and collect a penalty of ten per cent., "which said penalty when collected shall be and become the property of the city." §8720 Burns 1914, Acts 1907 p. 550. These propositions seem to be conceded. The controversy is whether appellant was entitled to five per cent. of delinquent assessments for collecting them. Appellant to sustain his position relies on certain provisions of §2 of the act of 1907 (Acts 1907, ch. 257, p. 550 §8720 Burns 1914, *supra*), and also §1, Acts 1909, ch. 188, p. 454. The former section, among other matters, provides that under certain circumstances lands and lots in cities shall be

sold by the county treasurer at the regular annual tax sale, to recover delinquent public improvement assessments and penalties, and that certain provisions of the law governing regular tax sales shall apply to sales made for the purpose of collecting such assessments and penalties, following which is the first provision on which appellant relies, viz.: "All other provisions of law relating to the collecting and accounting for state, county, township, road, city, school, and other taxes shall, so far as the same are applicable, apply with like force and effect in the case of municipal assessments in cities of the class referred to in this act."

The second statutory provision on which appellant relies is, as we have said, found in §1, Acts 1909, ch. 188, p. 454. That section deals with city officers, their election, etc. It specifies what cities shall and what cities shall not elect city treasurers, and that in the latter case county treasurers shall perform the duties that would otherwise be performed by city treasurers. Under this section the city of Tipton belongs to the class required to elect a city treasurer, "the salary of which officer shall be fixed by ordinance of the common council of such city." By the provisions of this section a city of the fifth class, which is a county seat and which does not own a water or lighting public utility, is not authorized to elect a city treasurer, the county treasurer being required to perform the duties of that office for the city, respecting the salary of which officer for the performance of such duties there is the following provision, being the second provision relied on by appellant to sustain his contention, to wit: "In cities of the fifth class where the county treasurer acts as city treasurer, his salary as such shall be three hundred dollars per year, which may be increased by ordinance to any sum not exceeding

eight hundred dollars ($800.00) per year. In addition to such salary, the county treasurer shall receive five per cent. of the amount of all delinquent city taxes collected by him for such city."

Construing the various quoted provisions together, appellant argues in effect that the salary of a city treasurer, as well as the salary of a county treasurer acting as a city treasurer, is fixed by the common council of the city; that where a county treasurer performs the duties of city treasurer, there is a specific provision that, in addition to his regular salary in such capacity, he shall receive five per cent. of all delinquent city taxes collected by him; hence appellant argues that since a county treasurer receives such five per cent. for performing the duties which are performed by city treasurers in cities having city treasurers, the latter also is entitled to receive such five per cent. If we should concede appellant's conclusion to be sound, which we do not, it would result from a consideration of the five per cent. provision only that city treasurers are entitled to receive five per cent. of all delinquent taxes collected for the city, however comprehensive the term "delinquent taxes" as so used may be. Literally it will be observed that the five per cent. provision relates only to delinquent taxes. Delinquent assessments for public improvements are not specifically included. That the term "tax" is not uniformly by any means construed to include assessments for public improvements, see 37 Cyc 711 and cases. But the provision quoted from §8720, *supra*, is to the effect in a general way that laws relating to the collection of taxes shall apply in case of the collecting of municipal assessments, in the absence of a specific provision to the contrary. Hence, if it should be conceded that the five per cent. provision, either by virtue of its own force or when construed in the

light of the provision quoted from §8720, *supra,* does include municipal assessments (a point not considered or decided), it results that according to the literal terms of the five per cent. provision, only a county treasurer acting as a city treasurer is entitled to receive five per cent. on municipal delinquent assessments collected for the city. There is no provision that a city treasurer under the same circumstances, is entitled to such additional compensation.

During the time involved here §1, Acts 1909, ch. 188, p. 454, was in force. That section contained the statutory provision under which the salary of a county treasurer, acting as a city treasurer of a city of the fifth class, was fixed; and also the provision relating to the salary of a city treasurer of such a city authorized to elect a city treasurer because not a county seat, or if a county seat because it owned a water or lighting public utility. The two provisions were not the same. Each of these provisions is set out in full or in substance above. As we have said, there is no provision entitling a city treasurer of such a city to five per cent. of delinquent taxes or assessments collected by him. It is a settled policy of the legislature of this state to deny constructive fees and salaries. *Board* v. *Pike Civil Tp.* (1907), 168 Ind. 535, 81 N. E. 489.

Respecting the argument that it is unjust to allow a county treasurer such five per cent. and deny it to a city treasurer when he performs the same service, it may be said that the statutory provisions as above set out, and under which the salaries of these respective officers must be fixed, are sufficiently flexible to permit the common council to remove any apparent injustice.

The court did not err in sustaining the demurrer to the complaint. Judgment affirmed.

Note.—Reported in 118 N. E. 700.