CITY OF JEFFERSONVILLE *v.* SCHEER.

[No. 10,034. Filed October 16, 1919.]

MUNICIPAL CORPORATIONS.—*City Treasurer.*—*Collection of Delinquent Assessments.*—*Fees.*—Under §1 of the act of March 9, 1909 (Acts 1909 p. 454), providing that in cities of the fifth class, where the county treasurer acts as city treasurer he shall receive, in addition to his salary, five per cent. of the amount of all delinquent city taxes collected by him for the city, and §2 of the act of March 12, 1907 (Acts 1907 p. 550, §8720 Burns 1914), providing that all other provisions of the law relating to the collecting and accounting for state, county, township, road,

city school, and other taxes, shall, so far as the same are applicable, apply with like force and effect in the case of municipal assessments in cities of the class referred to in the act, which embraces cities of the fifth class, a county treasurer who was acting treasurer of a city of the fifth class was entitled to receive, for services rendered by him in collecting delinquent assessments for public improvements, a sum equal to five per cent. of the amount so collected.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by George A. Scheer against the City of Jeffersonville. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Jonas G. Howard* and *Wilmer T. Fox,* for appellant.

*Henry A. Burtt* and *James E. Taggart,* for appellee.

REMY, J.—Appellee was treasurer ot Clark county, Indiana, from January 1, 1909, to December 31, 1912. By virtue of §1 of the act of March 9, 1909 (Acts 1909 p. 454), appellee was also, during said period, the acting treasurer of appellant city, a city of the fifth class. Prior to and during the time appellee was such treasurer, appellant city caused certain of its streets to be improved, and certain sewers to be constructed. Certified copies of all the assessment rolls of all of said improvements and constructions were placed in the hands of appellee as such acting city treasurer for collection. Some of said assessments became delinquent, and appellee as such acting city treasurer collected the same with a penalty of ten per cent., and paid the amount collected to the city, all as required by law. For his services in collecting said delinquent assessments, appellee presented to the city council

of said city his claim for five per cent. of the amount so collected. The claim was disallowed, and this action was commenced by appellee to recover from appellant city the amount of his claim. A trial by the court resulted in a finding and judgment for appellee.

The one question presented for our consideration is whether or not under the above facts, and under the statutes in force at the time, appellee was entitled, as a part of his remuneration for services rendered appellant city in collecting the delinquent assessments, to five per cent. thereof.

Section 1 of the act of March 9, 1909 (Acts 1909 p. 454), which is an amendment of §43 of "an act concerning municipal corporations" approved March 6, 1905 (Acts 1905 p. 239), provides:

"In cities of the fifth class where the county treasurer acts as city treasurer, his salary as such shall be three hundred dollars per year, which may be increased by ordinance to any sum not exceeding eight hundred dollars per year. In addition to such salary the county treasurer shall receive five per cent. of the amount of all delinquent city taxes collected by him for such city."

Section 2 of the act of March 12, 1907 (Acts 1907 p. 550, §8720 Burns 1914), which is an amendment of §115 of the "act concerning municipal corporations" approved March 6, 1905 (Acts 1905 p. 296), provides as follows:

"All other provisions of the law relating to the collecting and accounting for state, county, township, road, city, school, and other taxes, shall, so far as the same are applicable, apply with like force and effect in the case of municipal assessments, in cities of the class referred to in this act."

These provisions of the law governing cities of this state, including cities of the fifth class, were in full force and effect during all of the time appellee was the acting treasurer of appellant city. If we construe them together, as we must, it is clear that appellee was entitled to receive for services rendered by him in collecting the delinquent assessments, a sum equal to five per cent. of the amount so collected. See *Bartholomew* v. *City of Tipton* (1918), 66 Ind. App. 657, 118 N. E. 700.

Judgment affirmed.