GOODE *v.* UNION COUNTY.

4-3608

Opinion delivered November 26, 1934.

*Herbert V. Betts,* for appellant.

*Alvin D. Stevens,* for appellee.

BAKER, J. H. R. F. Goode, clerk of the chancery court of Union County, filed this suit in the circuit court of Union County challenging, first, the legality of Union County Salary Act, and, second, praying for fees, emoluments and commissions alleged to have been earned by him as clerk of the two chancery courts of Union County, which fees he claims accrued during the year of 1933. The case was presented to the court upon an agreed statement of facts, and upon the testimony of the appellant.

The agreed statement of facts set out that Goode was the duly elected, qualified and acting circuit clerk and ex-officio recorder of the two divisions of the circuit court of Union County, Arkansas, and had been since January 1, 1931. Also that he was the duly elected, qualified and acting chancery clerk of Union County, and had been since January 1, 1931; that the claim involved in this action represents fees and commissions earned and received by the clerk of the two divisions of the chancery courts of Union County, Arkansas, from January 1, 1933, to December 1, 1933, inclusive; that the sums were paid by the appellant to the treasurer of Union County monthly, under protest, and that the amount of such fees and commissions so paid was $2,591.

It is further agreed that the claim involves the construction and interpretation of what is known as act

No. 1 of Union County, Arkansas, which act was filed and made a part of the record, and it was stipulated that in a former cause testing the validity of said Initiative Act No. 1, styled *Dozier* v. *Ragsdale,* in which the opinion of the Supreme Court was delivered on December 5, 1932, as reported in 186 Ark. 654, 55 S. W. (2d) 779, in which said initiative act was held valid, that the question as to whether the said act affected the fees, commissions and emoluments of the clerk of the chancery court was not raised in the court below nor in the Supreme Court, and the purpose of this suit is to determine whether said Initiative Act No. 1 applies to the clerk of the chancery court of Union County.

The parties agreed to waive the right of trial by jury, and also that other evidence might be offered in addition to the stipulation.

Goode testified that he is the chancery clerk; that during the year of 1933 he had collected $1,036.45 as such clerk of the second division of the Union Chancery Court, and $755.55 from the first division of that court; that he had received as commissioner in chancery during the year 1933 the sum of $640; that he earned fees for making transcripts of records, in cases on appeal, the sum of $162; that this money was paid into the treasury of Union County. There were, perhaps, some other fees not necessary to include here. He was paid the salary of $2,700 according to Initiative Act No. 1, the salary act of Union County.

The trial court held that the duties of the chancery clerk, first and second divisions of Union County, devolved upon the appellant by reason of the fact that he was the duly elected circuit clerk of that county; that the law imposed upon the circuit clerk of the county the duties of the chancery clerk, and that the salary fixed in the Union County Initiative Act No. 1 of $2,700 a year was full compensation that he had a right to receive for all of the duties he performed as circuit and chancery clerk.

We think this decision was a correct announcement of the law.

Section 15 of article 7 of the Constitution of 1874, provides: "Until the General Assembly shall deem ex-

pedient, the circuit court shall have jurisdiction in matters of equity, subject to an appeal to the Supreme Court in such manner as shall be prescribed by law.'' The clerk of the circuit court, of course, performed all of the duties of what was then generally spoken of and called ''the chancery side of the docket.''

Section 10 of act 166 of the Acts of 1903, provides: ''The clerks of the circuit courts in the several counties shall be clerks of the chancery courts and ex-officio masters and commissioners thereof in each of the said counties * * *.'' This was not an imposition of new or additional duties imposed upon circuit clerks, for they had prior to that time, as circuit clerks, performed all of the duties devolving upon them in all equity cases that arose, and were tried in chancery by the circuit judges.

Upon the establishment however of the separate chancery courts, the clerks continued, as under § 10 of said act, to perform the same duties, and render the same services they had prior to that date rendered in the circuit court. There has been no change in that general law of the State since that date, as to the rendition of the duties by the circuit clerk for the separate chancery courts, and clerks of the chancery courts are such by reason of the fact that they are regularly elected as circuit clerks. Upon election they become ex-officio clerks of the chancery courts. So long as the fee system prevailed, they received the fees, emoluments and commissions accruing to them by reason of their services in the chancery court in the same manner that they did those in the circuit court.

Whatever may be said about the separate or distinct duties as clerk of the circuit court or as clerk of the chancery court, those duties are performed by one officer, though that officer may act, in the performance of his several duties, as clerk of the circuit court in the one instance, as recorder in another, or as clerk of the chancery court.

In the case of *Durden* v. *Sebastian County*, 73 Ark. 305, 83 S. W. 1048, this court said: ''It is clear that the Legislature intended to provide in this act for the compensation of all the officers of Sebastian County, and

not simply for some of them. The Legislature fixed the salary of the 'judge of the county court.' Nothing was said about an extra salary or additional compensation for the judge of the probate court. Why? Because the judge of the county court is ex-officio judge of the probate court, and in providing the salary of the 'judge of the county court' the Legislature intended to include compensation to him for whatever services he might perform as judge of the probate court. So, likewise, the 'clerk of the county court' for his services as 'clerk of the probate court,' and the 'treasurer' for his services as treasurer of the common school fund. And the 'clerk of the circuit court' for his services as recorder. It is clear that the Legislature intended, for the purpose of fixing salaries, at least, that these various officers (except the sheriff) having ex-officio duties should receive but one salary for all the duties performed. The Legislature intended that there should be but the one salary or compensation in the cases mentioned, even if it could be said that there were in each case named two offices and two officers in one.''

In the case of *State ex rel. Poinsett County* v. *Landers,* 183 Ark. 1138, 40 S. W. (2d) 432, this court said: ''While it is true that the sheriff, under the Constitution (art. 7, § 46) holds two separate and distinct offices (Ex parte *McCabe,* 33 Ark. 396; *Falconer* v. *Shores,* 37 Ark. 393), and must give a separate bond for each office, it does not follow that he becomes two officers. We think that he is necessarily only one officer, but holding two separate and distinct offices, until such time as the Legisture sees fit to separate them.''

In the Landers case, from which the above quotation is taken, Landers was claiming that he was entitled to retain for his own use the compensation of $5,000 for each office, sheriff and tax collector. The court held, however (p. 1142), ''The collection of such taxes being a duty imposed by law, it is difficult to perceive on what theory he would be entitled to retain the compensation therefor in excess of $5,000 net compensation for these and all other duties performed.'' Citing the case of *Durden* v. *Sebastian County,* above.

It must follow that, since the appellant in this case is the circuit clerk and ex-officio clerk of the chancery court, his compensation as clerk, as fixed by the salary act of Union County is the full compensation he is en-titled to receive. It has been repeatedly held by this court that the imposition of extra duties on an officer entitled him to no additional compensation unless such compensation is expressly provided for such services.

The question is also raised here, for the first time, as to the sufficiency of the ballot title of the Union County Salary Act. It is unnecessary to argue this proposition. This question was settled, adversely to appellant's contention here, in the case of *Coleman* v. *Sherrill, ante* p. 843, and also in the case of *Blocker* v. *Sewell, ante* p. 924.

It follows therefore that this case should be affirmed.

Affirmed.