BARBER *v.* EDWARDS.

4-6012                                                   141 S. W. 2d 831

Opinion delivered June 24, 1940.

*R. W. Tucker,* for appellants. ·

*S. C. Knight,* for appellees.

McHANEY, J. Appellant is resident, landowner and taxpayer in Big Bottom Fencing District of Independence county. He brought this action as a class suit, for the benefit of himself and all other taxpayers therein, against appellees, who are the Board of Assessors and pound keeper of said district, to recover certain sums which, it was alleged, had illegally and fraudulently been paid by the district to Edwards, Sliger and T. D. Barber, the pound keeper and other illegal expenditures.

Appellees answered admitting their status and that the payments had been made as charged. They alleged that certain territory had been added to the district by order of the county court in 1936, pursuant to law, and that the parties named were entitled to the increase in pay, and prayed a dismissal of the complaint for want of equity.

The case was submitted on an agreed statement of facts substantially as follows: That the district was created by special act of the legislature and that approximately 15 square miles of territory was added to the district by order of the county court in 1936; that beginning March 15, 1937, the district paid the pound keeper $45 per month which was $15 per month more than fixed by the special act creating the district and acts amendatory thereof; that W. C. Edwards a member of the Board had been paid an additional $18 per year, or a total of $36 per year, for acting as secretary of the board and keeping a record of all its transactions; that Sliger a member of the board had been paid $106.50 for services in the construction of the fence around the new territory annexed to the district in 1936; that the sum of $375.56 belonging to the old district had been used

for the benefit of the annex; and that the pound keeper performed his duties in the annexed territory.

Trial resulted in a decree for appellees. The court held that, while it may be true under the original act, Edwards and Barber could not legally make a contract with the board for more pay, still the services for which overpayment is claimed have been rendered, the district has received the benefits and that it is not disputed that real benefits accrued to it and that it would, therefore, be inequitable to require a repayment to the district in such circumstances, since the amount received for the work was fair and reasonable and no proof of fraud; that the same thing is true as to Sliger. He did work in constructing the fence around the new territory annexed. It is not claimed he was paid too much or that there was any fraud in connection therewith. Only that he was a member of the board and could not contract with himself.

Appellant first says the order of the county court annexing 15 square miles of territory to a district created by special act is illegal and void. We do not agree. Section 5786 of Pope's Digest is a general act and authorizes the annexation of "lands near or adjacent to any fencing district organized under and pursuant to the law," etc., by order of the county court. See §§ 5787 and 5788. The legislature can no longer amend a local or special act, but it may enact a general act, such as the sections above cited, same being Act 83 of 1937, conferring the power to annex territory to an existing district upon the county court upon compliance with the conditions therein set out. It is not contended that all the conditions prescribed by said act were not complied with to confer jurisdiction on the county court, but only that said court could not amend a special act. But, as we have seen, the legislature authorized the action taken on conditions which have been met. We, therefore, hold the annexation order valid on this collateral attack.

It is next said the secretary was over paid to which we agree. Section 5 of Act 290 of 1905 makes it the duty of the board of assessors to go "around said fence

and seeing that it is being kept in good repair by said pound keeper and doing anything else necessary to be done for the good of said fencing district for which each of them shall receive the sum of $18 per year, or $1.50 per month." Mr. Edwards was paid an additional $18 per year for acting as secretary and we can find no statute authorizing the expenditure and counsel have not called our attention to any such statute. It may be true, as found by the court, that this is a small matter, and that it is not contended that the work done was not worth the money, but the pay of the commissioners or assessors is fixed by the above act at $18 per year which covers "anything else necessary to be done for the good of said fencing district." Where the compensation of an officer is fixed by statute, no additional amount can be allowed based on *quantum meruit*.

The same thing is true relative to the salary of the pound keeper, Mr. T. D. Barber. Section 1 of said act 290 of 1905 fixes his salary at "not exceeding $30 per month in addition to his fee as now provided by law." Perhaps his duties were largely increased by reason of the annexation of the new territory in 1936, but his salary is still fixed by said act and may not now be increased by the board without authority of law.

As to the amount paid Sliger for building the fence, the court correctly held that he could not be compelled to repay the money to the district. The work had to be done by some one, and it is not contended that the amount paid him was excessive or fraudulent. While his contract with the board of which he was a member was void, the district could not accept his work without paying its reasonable value.

Nor is there any merit in the contention that the board should repay to the district $375.56 of funds of the old district expended for the benefit of the new. After the new territory was annexed it became and thereafter was a part of Big Bottom Fencing District and all the funds on hand at that time could be expended for any lawful purpose of the whole district.

The judgment will, therefore, be reversed as to Edwards and T. D. Barber and remanded with directions to enter a judgment against each of them for the excess payments each has received for the use and benefit of the district. In all other respects the judgment is affirmed, each party to pay his own costs of this appeal.