DAVID E. CONDON *v.* THE METROPOLITAN DISTRICT.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

474

: Argued December 8, 1943—decided January 13, 1944.

*James J. O'Connor*, with whom, on the brief, was *Edward J. Lonergan*, for the appellant (plaintiff).

*W. Arthur Countryman, Jr.*, for the appellee (defendant).

MALTBIE, C. J. The plaintiff, Democratic registrar of voters in the town of East Hartford, brought this action to recover compensation for services rendered in connection with a special meeting of electors of the defendant district, and has appealed from a judgment in favor of the defendant. The plaintiff receives an annual salary from the town as registrar of voters, and the conclusion upon which the trial court based its decision was that the services performed by him were a part of his duties as such registrar.

The defendant is a municipal corporation created under a special act of the General Assembly. 20 Spec. Laws 1204. While several amendments have been made to the act, only two of these are material to the issues before us. 21 Spec. Laws 304, 1005. The inhabitants and electors in Hartford and certain of the surrounding towns constitute the district. Its function

in general is to carry on certain activities of a public nature in which the people of the various towns have a common interest, particularly as regards certain highways, the furnishing of water and provision for sewage disposal. Its affairs are managed by a board of commissioners consisting of fifteen members at large and one member for each town within the district. The terms of office of five of the members at large and of the commissioners representing the towns expire biennially; their successors are appointed by the governor unless a certain number of the registered voters in each of the towns file a petition for an election; and if such a petition is filed the chairman of the board of commissioners is required to call an election to be held either in conjunction with a regular state or local election or as a special election of the district, as he may determine. The electors entitled to vote at "said district elections shall be those qualified to vote at the town and city elections held within said district." Section 6 of the charter provides as follows: "Said biennial district elections shall be held in connection with the regular state, town or city elections held in November in the town of Hartford and in such other of the towns of said district as hold regular elections on said date. Elsewhere in said district, special elections shall be held simultaneously upon said date at the expense of the metropolitan district. The towns comprising said district and the voting precincts therein shall be election precincts of said metropolitan district and the regular town and city officials authorized by law to hold town and city elections shall act as election officials in the district for all such elections." 20 Spec. Laws 1206. The charter further provides that no expenditure for any purpose other than fixed charges or running expenses which involves more

than $100,000 may be made until the undertaking "has been submitted to the electors of said district at some regular or special meeting and received the approval of a majority of the electors actually voting." 21 Spec. Laws 304.

The town clerk of the town of East Hartford was served in October, 1941, with a warrant for a special meeting of the electors of the district to be held on November 4, 1941, for the purpose of voting upon an appropriation of two million dollars for an additional emergency water supply. No election was to be held in East Hartford on that day. The town clerk notified the plaintiff that he should prepare a list of electors qualified to vote at the special meeting. The plaintiff proceeded to make a canvass to determine the persons entitled to vote, and as a result a number of changes were made in the list of voters which had been prepared for a regular election in the town in the preceding October. He also did other work in preparation for the meeting. The defendant did not request the plaintiff to perform any of these services or make any contract with him for them. He has never been compensated for them, although the election officials in attendance at the meeting and the town clerk, the deputy registrars of voters and the custodian of the voting machines all have been paid by the town, which has been reimbursed by the district. It does not appear that any of these other officials is on salary.

The charter of the district makes it the duty of town and city officials authorized to conduct town and city elections to act as election officers at a district election. In doing so, they do not cease to be town officials. The General Assembly has merely added to the duties which otherwise they would be called upon to perform. "It is well settled that public officers

occupying positions created by statute hold their offices by appointment and not by contract, and are obligated to perform the duties of their respective offices without other compensation than such, if any, as is attached by law to the office itself." *Keegan* v. *Thompson,* 103 Conn. 418, 421, 130 Atl. 707. It is also well settled that where the compensation of a public officer is fixed by law, the addition of new duties pertaining to those he was chosen to perform does not entitle him, in the absence of special provision, to recover extra compensation. *Gathemann* v. *Chicago,* 263 Ill. 292, 295, 104 N. E. 1085; *Hillyard* v. *Collier,* 133 Wash. 249, 255, 233 Pac. 955; *Barber* v. *Edwards,* 200 Ark. 940, 141 S. W. (2d) 831; 2 McQuillin, Municipal Corporations (Rev. Ed.), §§ 544, 545. In *Pittsburgh* v. *Anderson,* 194 Pa. 172, 177, 44 Atl. 1092, a county treasurer who received a salary was held not entitled to retain commissions for the collection of liquor license fees which the statutes required him to collect and pay over to the defendant city. See also *Board of Commissioners* v. *Pike Civil Township,* 168 Ind. 535, 536, 81 N. E. 489; *Mineral School District No. 10* v. *Pennington County,* 19 S. D. 602, 606, 104 N. W. 270. The salary paid the plaintiff was intended, no doubt, to take the place of the compensation which otherwise would have been allowed him under § 578 of the General Statutes, and to be in full satisfaction of all claims he might otherwise have for services as registrar. Under the principles we have stated, he is not entitled to payment for the services involved in the present action, unless such payment would be embraced within the word "expense" in § 6 of the charter. That word does not include compensation for services for which an official is paid by a salary which he receives from a city or town within the dis-

trict. The trial court was correct in finding the issues for the defendant.

There is no error.

In this opinion the other judges concurred.