HELENA–WEST HELENA SCHOOL DISTRICT *v.*
Laketha Brown FLUKER, et al.

07-642                                          268 S.W.3d 879

Supreme Court of Arkansas
Opinion delivered November 29, 2007

*Rieves, Rubens & Mayton*, by: *Kent J. Rubens* and *Lawrence W. Jackson*, for appellant.

*L. Ashely Higgins, P.A.*, by: *L. Ashley Higgins*, for appellee.

Paul Danielson, Justice. Appellant Helena-West Helena School District appeals from the order of the Phillips County Circuit Court, which denied the school district's motion to dismiss and ordered it to pay the sum of $5,260 with interest to appellees, Linda Faye White, in her official capacity as the county clerk of Phillips County, and the Phillips County Election Commission (collectively "Phillips County"), in addition to an attorney's fee of $526. The school district raises two points on appeal: (1) that the circuit court erred in allowing overtime pay to the county clerk to be billed to the school district as an election expense; and (2) that the circuit court erred in ordering the school district to pay legal fees for Phillips County. We reverse the circuit court's order and dismiss.

A review of the record reveals that on March 4, 2003, the United States District Court for the Eastern District of Arkansas entered an agreed order of unitary status and dismissal, which found that the school district had complied with certain desegregation orders and had met the legal standards for a declaration of unitary status, thereby entitling it to a dismissal of the desegregation litigation. Thereafter, several individuals, including appellee Laketha Brown Fluker, filed with the circuit court an emergency verified petition for writ of mandamus and declaratory judgment and a temporary restraining order against the school district and several others, including Phillips County.

On August 5, 2005, the circuit court found that the school district, after being released from federal court supervision, had the duty to redraw the boundaries of the school zones in accordance with Ark. Code Ann. § 6-13-631(g)(3)(A) (Repl. 1999), which

had not been accomplished. Furthermore, the circuit court found that a map submitted by Phillips County would be adopted, that the county clerk had the duty of using her best efforts to move the affected voters according to said map and to implement the discussed zoning plan, and that the electors of the school district were entitled by law to elect a new school board. The circuit court also ordered that the then-existing board members would be required to stand for reelection in the September 2005 school election. On August 26, 2005, the circuit court denied the school board's motion to terminate the scheduled school board election after a hearing on said motion. In addition, the school district's motion for stay of proceeding to enforce judgment and amended motion for stay of proceedings were denied the same day.

The annual school election for the Helena-West Helena school district was held on September 20, 2005, and a run-off election followed on October 11, 2005. On November 8, 2005, Phillips County, "in the nature of a cross-claim against a co-party pursuant to ARCP Rule 13(f) for payment of an open account pursuant to Ark. Code Ann. § 6-14-118 and 6-14-119," filed a motion for judgment for election expenses against the school district. The motion submitted that Phillips County fulfilled its duty under the circuit court's order by completing the necessary rezoning, that it incurred great expense in doing so, and that because the expenses were a direct result of the failure of the school district to fulfill its duty to rezone, the school district was indebted to Phillips County in the amount of $37,840.74 and was responsible for an attorney's fee. Before the court ruled on the motion, the school district paid part of the debt claimed by Phillips County, but contested the portion that had been allocated to Linda Faye White for overtime and, on November 23, 2007, filed a motion to dismiss and response to the motion for election expenses.

On February 1, 2007, the circuit court denied the school district's motion to dismiss and ordered the school district to pay the sum of $5,260, plus interest, to Phillips County, in addition to an attorney's fee of $526. The school district filed a motion to reconsider, which was denied by the circuit court on March 9, 2007, and filed a timely notice of appeal on March 20, 2007.

### I. Compensation to the Phillips County Clerk

The school district, for its initial point on appeal, argues that the circuit court erred in awarding overtime pay to the county clerk as an election expense. It first contends that, as a matter of

law, the clerk of Phillips County, as an elected official who receives a salary fixed by statute, is not entitled to be paid overtime for performing the statutory duties that she was legally elected to do. Phillips County responds that the circuit court did not award overtime pay to the clerk, rather the circuit court simply found that the school district was responsible for the additional costs Phillips County incurred from the election, which included overtime pay provided to the clerk. Furthermore, Phillips County argues that the statute that governs the clerk's salary, Ark. Code Ann. § 14-14-1204 (Supp. 2007), does not "fix" her salary, but instead it provides a range of compensation that is appropriate depending upon the population of the county.

The standard of review on appeal from a bench trial is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *See Murphy v. City of West Memphis*, 352 Ark. 315, 101 S.W.3d 221 (2003). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, when considering all of the evidence, is left with a definite and firm conviction that a mistake has been committed. *See id.* This court views the evidence in a light most favorable to the appellee, resolving all inferences in favor of the appellee. *See Arkansas Transit Homes, Inc. v. Aetna Life & Cas.*, 341 Ark. 317, 16 S.W.3d 545 (2000). However, a circuit court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *See Murphy, supra.*

In its order, the circuit court found that the school district, pursuant to Ark. Code Ann. § 6-14-118 (Repl. 1999), was charged with reimbursing Phillips County with the entire cost of the election, which in this case should include overtime expenses caused solely by the school district. Specifically, the circuit court found:

> 13. This court is of the opinion that the extraordinary expense of overtime pay was a direct result of the School Board's refusal to comply with Arkansas Code Annotated § 6-13-631. Had the board done so in a timely manner, it would not have been necessary for the Phillips County Clerk to be faced with a very short deadline to accomplish that which she is required by law to do. Under normal circumstances, the county clerk would have had sufficient time to place the registered voters in the proper wards during normal and regular office hours. She would not have been paid to do this work during normal and regular office hours. Some overtime could have been anticipated and would not have been paid. However, in this

case, there were clearly not enough regular office hours to accomplish these two tasks. Many additional overtime hours were spent by the county clerk and her staff to accomplish these two critical tasks. The Phillips County Election Commission and Phillips County paid for the overtime expense which was attributable to the consolidation litigation.

14. Based on the above, it is this court['s] opinion that the Helena-West Helena School District is responsible for the school board election overtime expenses incurred by the Phillips County Election Commission and Phillips County. The School District shall pay to the Phillips County Election and Phillips County the sum of $5,260.00 for the overtime expenses incurred which is attributable solely to the school board elections.

15. Pursuant to Arkansas Code Annotated § 16-22-308, this court finds that the School District is obligated to pay a reasonable attorney's fee for the prosecution of this cross-claim against the School District. This court awards an attorney's fee of $526.00.

While Phillips County argues that the circuit court's order simply awarded reimbursement for election expenses, because those expenses included overtime pay to the county clerk, the circuit court had to consider whether or not the clerk was in fact entitled to that overtime pay. The circuit court clearly found she was.

It has long been held by this court that the imposition of extra duties to an officer does not entitle that officer to additional compensation. *See Goode v. Union County*, 189 Ark. 1123, 76 S.W.2d 100 (1934). In *Goode*, the clerk of the Union County Circuit Court alleged to be owed certain fees, emoluments, and commissions from performing duties as ex-officio clerk of the two chancery courts of Union County in addition to his duties as the clerk of the circuit court. However, this court held that the clerk was not entitled to additional compensation and his fixed salary was the full compensation he was entitled to receive. *See id.*

Prior to *Goode*, in *Barber v. Edwards*, 200 Ark. 940, 141 S.W.2d 831 (1940), this court determined that the salaries of both the secretary of the board of assessors and the pound keeper were fixed by statute and additional compensation was improper:

It is next said the secretary was overpaid, to which we agree. Section 5 of Act 290 of 1905, p. 714, makes it the duty of the board of

assessors to go "around said fence and seeing that it is being kept in good repair by said pound keeper and doing anything else necessary to be done for the good of said fencing district for which each of them shall receive the sum of $18.00 per year, or $1.50 per month." Mr. Edwards was paid an additional $18 per year for acting as secretary and we can find no statute authorizing the expenditure, and counsel have not called our attention to any such statute. It may be true, as found by the court, that this is a small matter, and that it is not contended that the work done was not worth the money, but the pay of the commissioners or assessors is fixed by the above act at $18 per year which covers "anything else necessary to be done for the good of said fencing district." Where the compensation of an officer is fixed by statute, no additional amount can be allowed based on quantum meruit.

The same thing is true relative to the salary of the poundkeeper, Mr. T. D. Barber. Section 1 of said Act 290 of 1905 fixed his salary at "not exceeding thirty dollars ($30) per month in addition to his fees as now provided by law." Perhaps his duties were largely increased by reason of the annexation of the new territory in 1936, but his salary is still fixed by said act and may not now be increased by the board without authority of law.

*Id.* at 942-43, 141 S.W.2d at 832.

With these cases in mind, we note that even had there been a valid contract in which Phillips County and the circuit clerk agreed upon overtime pay for the extra hours she had to put in, the contract would have been void. *See, e.g., City of Stuttgart v. Elms,* 220 Ark. 722, 249 S.W.2d 829 (1952). This court has specifically held that even a contract to pay an officer more or less compensation than that fixed by law is contrary to public policy and void. *See id.*

In the instant case, Phillips County attempts to distinguish the facts in this case from our previous case law by stating that because the statute that governs compensation of elected county officers, Ark. Code Ann. § 14-14-1204 (Supp. 2007), provides for compensation within a range, the clerk's salary is not "fixed." However, that argument is without merit. While it is true that section 14-14-1204 provides the appropriate ranges for the salaries of county officers, it still instructs that, pursuant to those ranges, the annual salaries "shall be fixed by ordinance." Ark. Code Ann. § 14-14-1204(a). Here, the clerk was an elected county officer

with statutory duties and a fixed salary; therefore, she was not entitled to overtime pay and the circuit court's order must be reversed.

Moreover, we conclude that overtime pay to the county clerk is not an appropriate "election expense" pursuant to the statute. Arkansas Code Annotated section 6-14-118 states:

> (a) In school elections, the school districts in the county shall reimburse the county for the entire cost of the election . . .

Ark. Code Ann. § 6-14-118(a) (Supp. 2007).

The basic rule of statutory construction is to give effect to the intent of the legislature. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *See id.* A statute is considered ambiguous if it is open to more than one construction. *See Pulaski County v. Arkansas Democrat-Gazette, Inc.*, 370 Ark. 435, 260 S.W.3d 718 (2007). When a statute is ambiguous, we must interpret it according to legislative intent and our review becomes an examination of the whole act. *See Price v. Thomas Built Buses, Inc.*, 370 Ark. 405, 260 S.W.3d 300 (2007). In addition, we must look at the legislative history, the language, and the subject matter involved. *See id.*

While the language included in the statute that reads "entire cost of the election" seems plain enough, it does not specifically define what costs qualify as election expenses. At the heart of the present controversy is whether or not the cost of the election includes overtime pay made to the county clerk. We hold that overtime pay to the county clerk is not an election cost that falls within the ambit of the statute.

Given the history of this statute, it is clear that the legislature did not anticipate overtime pay of elected county officials when it created a law requiring the school district pay for election expenses. Section 6-14-118 has changed significantly throughout the years, however, it was originally section 85 of Act 169 of the 1931 Acts of Arkansas. In the original language of the

statute, the expenses first specifically included by the legislature were items such as the ballots, election supplies, tally books, poll books, and other needed stationary. *See* 1931 Ark. Acts 169. When the construction of a statute is at issue, we also presume that the General Assembly, in enacting the statute, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. *See Davis v. Old Dominion Freight Line, Inc.*, 341 Ark. 751, 20 S.W.3d 326 (2000). Presuming the legislature has maintained an awareness of the existing case law on this subject, we will not assume the legislature meant to include overtime pay for elected county officials as an election expense. For all the above reasons, we hold that the circuit court erred in ordering the school district to reimburse Phillips County for payment distributed to their county clerk and we reverse the order of the circuit court.

## II. Attorney's Fee

Because we reverse the circuit court's order regarding overtime pay to the county clerk, we further reverse the order awarding an attorney's fee.

Reversed and dismissed.