## DUNCAN *v.* SCOTT COUNTY.

### Opinion delivered June 16, 1900.

CONTRACT—CONSIDERATION—MUTUALITY.—An agreement between a county judge and a county clerk, entered into before an order calling in county warrants was made, that the clerk would make no charges against the county for the fees allowed by law for his services in connection with such order is without consideration or mutuality, and not binding. (Page 278.)

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

*Mechem & Bryant* and *Leming & Hon*, for appellants.

There was no contract by appellant to give his fees. Yelv. 11; Ch. Cont. (11 Am. Ed.) 12; 11 Ark. 689; 47 Ark. 519; 64 Ark. 648. There was never a meeting of minds. Cases *supra*. Even if there had been, the county judge, except *as a court, duly sitting*, had no authority to make an agreement of the kind. 38 Ark. 213; 49 Ark. 145; 47 Ark. 234; 9 Ark. 320; 55 Ark. 437. There was no consideration moving to appellant. While his *motive* may have been to save the county expense, that did not constitute a *consideration*. 14 Wall. 570-6. There was no mutuality to the contract. No consideration is valuable upon which no action will lie for enforcement or breach. 64 Ark. 648; 93 Cal. 169; 4 Ark. 251; 1 Ch. Cont. 35, 52, 58, 68; 4 M. & G. 860, 896; 8 Pick. 392; 2 B. & P. 73; Caine's Cas. 104; 1 Met. 278; 1 Vt. 420; 4 Johns. 84; 1 Murph. 181; 2 Term R. 763; 7 Dowl. 781, 786; 2 Lev. 161; 3 Term R. 17, 22, 23; 9 Am.-& Eng. Enc. Law, 914; 72 Ia. 130. Appellant was not estopped. 1 Big. Fraud. (1st Ed.) 438-9; Big. Est. 485, 486; 31 Ark. 701.

*H. N. Smith, intervener, pro se.*

There was sufficient consideration for the promise and appellant is estopped. 1 Pars. Cont. 444; 27 Ark. 407; 31 Ark. 631; 32 Ark. 468; 37 Ark. 53.

BUNN, C. J. This is a suit by appellant, F. M. Duncan, as county clerk of Scott county, for certain fees alleged to be due him for official services in the matter of calling in the county scrip of said county for examination, cancellation or reissuance, under the statute. The claim was allowed in the county court, and H. N. Smith, a citizen and taxpayer of said county, for himself and all other taxpayers of the county, took an appeal from the allowance and judgment of the county court to the circuit court, where the claim was disallowed, and Duncan appealed to this court in due form.

The defense was that the appellant had agreed with the

county judge, before the order calling in the scrip was made, that he would make no charges for his fees. This agreement was also made by the sheriff, and the saving of these fees to the county seems to have been one of the inducements which led the county judge to call in the scrip. The sheriff made no charges for his services, but the appellant, as clerk, claiming that he had made no definite agreement on the subject, filed his claim in due form, and that was the beginning of this suit.

The circuit court made the following declaration of law on the subject: "The court declares the law to be that F. M. Duncan is estopped from claiming anything for services rendered touching the order for and the reissuing the county scrip of Scott county; that the county judge relied on his promise not to charge anything for his services, and, if he was permitted to charge for such services, it would result in an injury to Scott county, which would not have resulted but for the promise of gratis services on the part of Mr. Duncan. He, with a full knowledge of all the facts touching a matter, cannot mislead another to his injury, and then recover on a claim based on and growing out of his own wrong. The law allows a county judge to make an order calling in county scrip and reissuing the same. Hence it may be well assumed that the legislators, when enacting the law, supposed it would be beneficial. The presumption is, such an order is beneficial to the county. This being true, it enures to the benefit of each citizen alike. Hence it enured to the benefit of F. M. Duncan, as a citizen of Scott county."

While it may be a presumption that the calling in the scrip was a benefit to all the citizens of Scott county, that presumption does not arise from any concession Duncan may have made as to his fees, nor from any bargain the county judge may have made with him in relation thereto, but rather from the fact that the county court, exercising a sound discretion as to whether or not the occasion demanded the calling in of the scrip, made the order for that purpose. Whether or not the question before the county court was such as to call for the saving of the fees of the clerk and sheriff as a proper consideration in the matter, we will not stop here to discuss. All

we wish to say in this connection, and all that is necessary for us to say, is that the alleged agreement was without consideration, and certainly without mutuality. Duncan could not have compelled a specific performance of the agreement on the part of the county judge, had he refused to perform his part of it. If there was any consideration accruing to the appellant, it was an illegal one, and therefore no consideration. Otherwise, it was a mere voluntary agreement on the part of the appellant, having no binding force in law. He was by law entitled to the fees allowed by the county court, and he is estopped by no antecedent agreement to waive them.

The judgment is reversed, and the cause remanded, with directions to be proceeded with not inconsistently herewith.

Wood and Riddick, JJ., did not participate.