4-3958

Opinion delivered September 30, 1935.

*Trieber & Lasley,* for appellant. ·

*Donham & Fulk,* for appellees.

MEHAFFY, J. Appellee Charles E. Caple, deputy county clerk, filed his claim in the county court of Pulaski County for $245 which he alleged was the balance due him on his salary as deputy county clerk from January 1, 1934, to August 31, 1934.

E. L. Tipton, appellee, filed his claim in the county court for the sum of $200, alleging that this was the balance due him on his salary as deputy sheriff. Both claims were disallowed by the county court and appeals prosecuted to the circuit court. The cases were consolidated and tried together, and the circuit court found in favor of appellees, allowing their claims for balance of salaries, and the case is here on appeal.

The following stipulation was filed by the parties:

·: "It is agreed between the parties that the emoluments of the county clerk's office is more than sufficient to pay the salaries and expenses of the office as provided by act 275 of the Acts of 1933; it is also agreed that the emoluments of the sheriff's office for the year 1934

is more than sufficient to pay the salaries and expense of the office as provided by act 275 of the Acts of 1933.

"It is further stipulated and agreed that there were no more deputies and clerks employed in either the county clerk's office or the sheriff and collector's office than the maximum number permitted by act 275 of the Acts of 1933 as listed in said act.

"The county admits that the claimant Caple acted as deputy county clerk, and performed the duties as such, and that the claimant Tipton acted as deputy sheriff and performed the duties as such, but will not admit that either was legally appointed."

The appellees claim the right to salaries under the provisions of act 275 of the Acts of 1933. The title of that act is "An Act to Provide More Efficient County Government, to Fix the Salaries of Various County Officers, and for Other Purposes."

Section 2 of said act provides: "The salaries of the following officers, together with the number of the deputies, employees and assistants they may appoint except as otherwise herein provided, and the salaries thereof, are as follows:" Then follows the list of the officers, deputies and their salaries. Under the provisions of that act Caple's salary was fixed at $2,400 and Tipton's salary was fixed at $1,680.

Section 4 of the above act reads as follows: "None of the deputies, assistants or employees provided for in this act shall be appointed or employed by any county officer or be allowed or paid any salary until and unless the levying court of the respective county shall have made appropriations to pay their respective salaries."

It is contended by the appellant that under § 4 the quorum court had the right to make the appropriation for the number of deputies it thought necessary and to make the appropriation for salaries of the deputies, and had a right to fix the salaries at a sum less than that fixed by the act of the Legislature, and that since the appellees have received the amounts fixed by the quorum court, appellees are not entitled to any additional sum.

The appellees contend that § 4 of the act is unconstitutional; that under the Constitution the Legislature

must fix the number of deputies and the amount to be paid each, and that it cannot delegate to the quorum court the right to fix the number of deputies or the amounts to be paid them.

The claim of appellee Caple is for $245, the difference between the $1,600, the statutory salary for eight months of 1934, and the sum of $1,355, the amount actually paid him.

The claim of appellee Tipton is. for $200, the difference between $1,120, the statutory salary for eight months of 1934, and the sum of $920, the amount actually paid him.

Appellants state: ''It is not necessary in this case to undertake to make a complete and detailed abstract of the testimony because the court made findings of fact covering all the facts in the case, and no exceptions were taken to these findings by either party. Therefore for the purposes of this appeal, the findings of the court are conclusive and sufficient.'' The findings of fact by the court are as follows:

''1. The court finds that the record of the minutes of the meeting of the Pulaski County Quorum Court held in January, 1934, for the purpose of making appropriations for general county purposes of Pulaski County shows that the appropriation for the maintenance and operation of the county clerk's office of said county for the year of 1934 was itemized as follows: Salaries $16,-500, postage $350, stationery and supplies $200, equipment $6,000, total $23,050.

''2. The court finds that the record of the minutes of the meeting of the Pulaski County Quorum Court held in January, 1934, for the purpose of making appropriations for general county purposes of Pulaski County shows that the appropriation for the maintenance and operation of the sheriff and collector's office of said county for the year of 1934 was itemized as follows: $44,000 salaries special, $2,000, postage $1,500, equipment $1,000, miscellaneous stationery and printing $300, telephone and telegraph and return of prisoners $2,500, cars and repairs $5,000, total $56,300.

"3. The court finds that at its meeting in November, 1934, the Pulaski County Quorum Court entered an order itemizing the appropriation made at its meeting in January, 1934, for the maintenance and operation of the county clerk's office of said county for the year 1934 as follows: Salary of county clerk $4,000, salary of one chief deputy $2,400, four deputies each $1,800, one deputy $1,740, one deputy for eight months at $145 per month $1,160, postage $350, stationery and supplies $200, equipment $6,000, total $23,650.

"4. The court finds that at its meeting in November, 1934, the Pulaski County Quorum Court entered an order itemizing the appropriation made at its meeting in January, 1934, for the maintenance and operation of the sheriff and collector's office of said county for the year of 1934 as follows: Sheriff's salary $5,000, two chief deputies, at $2,700 each, $5,400, one stenographer $1,200, one jailer $1,440, two assistant jailers at $1,200 each $2,400, six deputy collectors at $1,680 each $10,080, three deputies for two months at $140 each per month $840, one execution deputy $1,680, nine deputy sheriffs at $1,680 each $15,120, one deputy sheriff for six months at $140 per month $840, salaries of extra help $2,000, postage $1,500, equipment $1,000, miscellaneous stationery and supplies $300, telephone, telegraph and returning prisoners $2,500, automobile expense and repairs $4,140, total $55,440.

"5. The court finds that the clerk of Pulaski County, prior to the meeting of the quorum court in January, 1934, for the purpose of making appropriations for the maintenance and operation of the several officers of the county, had employed the number of deputies at the salaries provided for the office of the county clerk of said county by § 2 of act 275 of the General Assembly of the State of Arkansas for the year 1933.

"6. The court finds that the sheriff and collector of Pulaski County, prior to the meeting of the quorum court in January, 1934, for the purpose of making appropriations for the maintenance and operation of the several offices of the county, had employed the number of deputies at the salaries provided for the office of sheriff

and collector of said county by § 2 of act 275 of the General Assembly of the State of Arkansas for the year 1933.

"7. After the meeting of the quorum court in January, 1934, the county clerk did not discharge any of the deputies theretofore employed by him and permitted under said § 2 of said act 275, but proportionately reduced the salaries of all of said deputies so employed by him so as to bring the aggregate of said salaries within the total amount appropriated by the quorum court as salaries for his said office, exclusive of his own salary, and said number of deputies so continued drew the salary from the county as thus reduced.

"8. After the meeting of the quorum court in January, 1934, the sheriff and collector did not discharge any of the deputies theretofore employed by him and permitted under said § 2 of said act 275, but proportionately reduced the salaries of all of said deputies so employed by him so as to bring the aggregate of said salaries within the total amount appropriated by the quorum court as salaries for his said office, exclusive of his own salary, and said number of deputies so continued drew the salary from the county as thus reduced."

The court then made the following declarations of law:

"1. The court declares as a matter of law that § 4 of act 275 of the Acts of the General Assembly of 1933 is unconstitutional because the Legislature by said § 4 undertook to delegate to the quorum courts of the several counties to which said act applies the authority to fix the number of deputies in the county clerk's office and the sheriff and collector's office.

"2. The court declares as a matter of law that, under § 4, article 16 of the Constitution of 1874, the Legislature must fix the number, and the salaries, of all deputies and employees in the county clerk's office and in the sheriff and collector's office of Pulaski County, and cannot delegate the authority to fix either the salaries or the number of, deputies and employees in either of said offices, to the quorum court of said county.

"3. The court declares as a matter of law that under § 4, article 16, of the Constitution of 1874, the

Legislature cannot fix the maximum number of deputies and employees, nor the maximum salaries thereof, employed by the county clerk or the sheriff and collector of Pulaski County; and then delegate to the quorum court the power to fix the actual number of deputies or employees to be employed by said clerk or by the sheriff and collector.''

The only question involved in this case is the constitutionality of § 4 of the above act. If that section is valid, no clerk or sheriff in Pulaski County, or any other county coming under the provisions of said act could employ any deputy, assistant or employee, or allow or pay any salary unless the levying court had made an appropriation. In other words, unless the quorum court makes an appropriation, neither the sheriff nor the clerk is permitted to employ or pay any deputy, assistant or employee.

Section 4 of article 16 of the Constitution of the State of Arkansas reads as follows:

''The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.''

The Constitution provides that the Legislature, and not the quorum court, shall fix the number of deputies and their salaries. The appellant contends that the section of the Constitution above quoted does not prohibit the Legislature from delegating to the quorum court the power to fix the number of deputies and to fix their compensation. Appellant admits, however, that there is dictum found in the case *Nixon* v. *Allen,* 150 Ark. 244, 234 S. W. 45, which is apparently in conflict with the theories advanced by appellant, but it contends that, when the opinion in the Nixon case is read in full, it is apparent that it was not the intention of the court in that case to hold that a sheriff or county clerk on a fee basis could not appoint a deputy.

We think when the whole case is read there can be no question but what it holds that the Legislature, and not the quorum court or any other body, has authority to fix the number of deputies and their compensation.

The court said in the Nixon case: "The power to fix the salaries and fees of all officers in the State and the number of their clerks and employees and their salaries is a function which, within the limits of the Constitution, is lodged in the supreme law-making power of the State— the Legislature. * * * The General Assembly cannot delegate this legislative power to any individual officer or board."

The case of *Nixon* v. *Allen, supra,* was followed in the case of *Cone* v. *Garner,* 175 Ark. 860, 3 S. W. (2nd) 1.

The Tennessee court has said: "As to the delegation of authority to fix the salary of clerks of special courts, referred to in the last paragraph of § 4 of the act under review, in our opinion the Legislature could not delegate the power to fix the salary of a county officer or of a regular clerk of any of the courts; hence this provision is invalid." *Hunter* v. *Hamilton County,* 152 Tenn. 258, 277 S. W. 71.

"The provision giving the county commissioners power to fix the salaries of the officers according to the fancy of the board of commissioners, which may vary in each of the 52 counties of the State, destroys that uniformity which is contemplated by the Constitution, and is in direct violation of those provisions of the Constitution requiring the compensation of county officers to be fixed by law; and as this provision cannot be eliminated without destroying the purposes of the act, the entire act must fail as unconstitutional and void." *State ex rel. Attorney General* v. *Spencer,* 31 Fla. 211, 87 So. 634.

We know of no authority, and none has been called to our attention, which holds that the Legislature may delegate the authority to fix the number of deputies or their compensations, where it is required that they be fixed by law.

"The compensations for official services are not fixed upon any mere principle of a *quantum meruit,* but upon the judgment and consideration of the Legislature as a

just medium for the services which the officer may be called upon to perform." Throop on Public Offices, § 500.

Public officers' compensation is fixed by law, and no contract or agreement made to receive less or more is binding. Mechem on Public Officers, page 249.

Act 275 is a complete act without § 4, and, this being true, the fact that § 4 is void does not affect the remainder of the act. We therefore hold that § 4 of act 275 is unconstitutional and void, but that this does not affect the validity of the other provisions of the act.

This court has many times held that where the unconstitutional portion of an act was severable, where there was a complete act without it, the fact that one section or one portion of it violated the Constitution did not necessarily make invalid the entire act. *Nixon* v. *Allen, supra; Cone* v. *Garner, supra.*

We find no error, and the judgment is affirmed.