COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY *v.* ALBERT JEROME GOODMAN ET AL., ADMINISTRATORS

[No. 37, April Term, 1937.]

*Decided May 25th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Benjamin Michaelson,* for the appellants.

*Albert Jerome Goodman,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of Albert J. Goodman and Walter Brady, administrators of Theodore A. Brady, deceased, against the County Commissioners of Anne Arundel County for $458.26, which had been deducted from the salary of Theodore A. Brady, who had been the state's attorney for Anne Arundel County.

Theodore A. Brady was elected state's attorney for Anne Arundel County at the election held in November, 1930, for the years 1931 to 1934, both inclusive, at a salary fixed by Code, Pub. Loc. Laws, art. 2, sec. 470 (Acts 1927, ch. 26) at $2,500 a year, payable monthly.

From the time of his qualification, he was paid the sum of $208.33 until the 1st day of September, 1932, when by order of the County Commissioners of Anne Arundel his salary was cut or reduced to $2,250, and he was thereafter paid the sum of $187.50 a month until the last day of June, 1934. He protested against the reduction, but accepted checks for the reduced amount for twenty-two months, when the statutory pay was resumed. Shortly after the expiration of his term of office Mr. Brady died, and his administrators sued for the deficiency in his salary payments.

A provision of the Constitution of Maryland, which binds both the state's attorney for, and the County Commissioners of, Anne Arundel County, is section 35, article 3, which reads: "No extra compensation shall be granted or allowed by the General Assembly to any public Officer, Agent, Servant or Contractor, after the service shall have been rendered, or the contract entered into; nor shall the salary or compensation of any public officer be increased or diminished during his term of office." It is not argued or pretended by the appellants, County Commissioners, that they had any authority to make the reduction. 46 C. J. 1020, sec. 253. Recently, in the case of *Calvert County v. Monnett*, 164 Md. 101, 164 A. 155, where the Legislature had reduced the compensation of a county treasurer, after his election and qualification, this court held that the act was ineffective against him, though it would affect his successor. How then could it be said that the County Commissioners had power in the premises, superior to the Legislature, to override a provision of the Constitution? Generally it has been held that any agreement of a public officer to accept less than his statutory salary is void as against public policy. *City of Louisville v. Thomas*, 257 Ky. 540, 78 S. W. (2nd) 767, 768; *Crutcher v. Johnson County* (Tex. Civ. App.) 79 S. W. (2nd) 932; *Pitsch v. Continental National Bank*, 305 Ill. 265, 137 N. E. 198; *Gilman v. Des Moines Valley R. Co.*, 40 Iowa, 200; *Breathitt County v. Noble* (Ky.) 116 S. W. 777; *Santa Cruz County v. McKnight*, 20 Ariz. 103,

177 P. 256; *Carpenter v. Taylor,* 164 N. Y. 171, 58 N. E. 53; *Smith v. Page* (Ark.) 91 S. W. (2nd) 281; *Rhodes v. Tacoma,* 97 Wash. 341, 166 P. 647; *Miller v. United States* (C. C.) 103 Fed. 413; *Peterson v. Parsons,* 139 Kan. 701, 33 P. (2nd) 715; 46 *C. J.* 1027, sec. 275; 13 *C. J.* 441, sec. 378.

The only defense made by the appellants is that Mr. Brady, by his acceptance of the reduced pay for twenty-two months, waived the deficiency, and that his administrators are now estopped from asserting their claim, and they cite five cases in support of their contention, but they are so opposed to the weight of authority, and the letter and spirit of our Constitution, that we decline to follow or be persuaded by them. The appellees cite a case to the effect that a deduction was warranted by an assignment of an officer for a specified time, to avoid the laying off of a number of police officers [*State, ex rel. Pike v. Bellingham,* 183 Wash. 439, 48 P. (2nd) 602], but that is not this case, as Mr. Brady never did consent to the deduction, but protested it.

It has been held in many cases that the acceptance of a lesser sum than the statutory salary does not estop an official from asserting a claim for his full salary. *Adams v. United States,* 20 Ct. Cl. 115; *Whiting, Admx., v. United States,* 35 Ct. Cl. 291, 298; *Duncan v. Scott County,* 68 Ark. 276, 57 S. W. 934; *Cobb v. Scoggin,* 85 Ark. 106, 107 S. W. 188; *Bishop v. Omaha,* 130 Neb. 162, 264 N. W. 447. In *Miller v. United States* (C. C.) 103 Fed. 413, 416, it was said, "that a court should be astute not to give effect to such illegal contract by indirection, as by spelling out a waiver or estoppel."

The contention here made by the appellants was raised by their third and fourth pleas, to which the appellees demurred, and the demurrers sustained, and by the appellants' prayer for a directed verdict, which was refused. In our opinion, for the reasons stated, the trial court was right in both rulings.

*Judgment affirmed, with costs.*