CITY OF STUTTGART *v.* ELMS, ADMINISTRATOR.

4-9813                                    249 S. W. 2d 829

Opinion delivered June 9, 1952.

*Arthur R. Macon* and *Reinberger & Eilbott,* for appellant.

*Clyde E. Pettit,* for appellee.

WARD, J. This appeal challenges the obligation sought to be imposed under Act 210 of 1949 upon the City of Stuttgart to pay $200 per month salary to its municipal judge, M. F. Elms, who had been previously elected at a salary of $75 per month. M. F. Elms has died since this litigation was instituted and the action has been revived in the name of appellee.

Act 60 of 1927 [Ark. Stats. § 22-704] provided for the establishment of Municipal Courts and also provided

that the city council might fix the salary of the judge at any sum not exceeding $3,500 per annum. · Pursuant to this act the city council of Stuttgart passed ordinance No. 335 on April 23, 1935, establishing a municipal court, with county wide jurisdiction, and fixed the salary of the judge at $900 per annum. By agreement between the city and the county the city was to receive all fines and pay the salary of the judge. M. F. Elms was duly elected municipal judge and he began serving as such on the first of January, 1949, with a salary of $900 per annum.

Act 210 of 1949 [Ark. Stats. (Supp.) § 22-704], effective as of June 10, 1949, provided that such municipal judge should receive a salary of not less than $2,400 per annum. Notwithstanding the above act Elms continued to serve as municipal judge until the last of October, 1951, at a salary of $900 a year or $75 per month. This action was brought to recover the difference of $125 per month for 28 and two-thirds months—for the period from June 10th, 1949, to October 31, 1951. The cause was tried before the circuit judge without a jury and resulted in a judgment in favor of Elms for $3,583.32. Appellant prosecutes this appeal.

All the evidence, including the facts set forth above, was stipulated, the material portion of which is substantially as set out below:

The city of Stuttgart shall pay whatever judgment is rendered against it herein, relieving the county of any liability therefor. There has been a sufficient cash balance in the city treasury at all times to pay the increased salary, and the fines received by the city each year have been more than $2,400. "The plaintiff made no outright demand for payment of salary under provisions of Act 210 of 1949 until March 12, 1951; since June 10, 1949, plaintiff was paid amount of $75 per month by the City of Stuttgart, nothing by Arkansas County; these payments were made and received under no restrictions or promises by either party unless hereafter shown." City Council minutes for March 12, 1951, reads as follows: "Municipal Judge Elms was requested increase of salary to $125 per month. City Attorney will write Attorney

General.'' Minutes for April 9, 1951, show that Elms stated that lre had contacted the Attorney General and learned that said Act of 1949 required the city to pay $200 per month salary but that he did not expect that amount and would accept $125 per month. Elms has been paid $75 per month during his entire tenure in office. The city received a letter from Elms dated August 20, 1951, making demand for the full salary; the letter was called to the attention of the City Council but no action taken. Subject to the city's objection as to competency and relevancy, a letter from the Attorney General dated March 27, 1951, was introduced in evidence stating that the city was liable for the full salary provided for in Act 210 of 1949. With reference to the minutes of the City Council mentioned above, Elms would testify they do not reflect the actual facts; that he did offer to compromise for a salary of $125 per month but the city voted on the proposal and failed to accept it, and he withdrew his offer.

Contending that the judgment of the lower court should be reversed, appellant presents its arguments under four separate heads, and we will examine them in the order presented.

1.

Act 210 of 1949 is unconstitutional because it constitutes an encroachment of the legislature upon the city in the matter of finances. The argument is made that Act 210 forces the city to pay a certain sum of money each year [$2,400 for a municipal judge] and this would contravene Art. 12, § 4 of the Constitution which prohibits cities from levying taxes in excess of five mills and prohibits counties from exceeding their revenues. Act 210 requires the county to pay one-half of the judge's salary. Several answers to the above argument are suggested by appellee, but only one will suffice. Act 210 only amends § 4 of Act 60 of 1927. Said Act 60 does not impose a municipal judge or court upon any city or county but merely provides ''that any city . . . may establish a Municipal Court by passage of an ordinance by the city council . . .''

## 2.

Act 210 of 1949 contains a provision that it shall not apply to any city having a population of not less than 11,000 and not more than 11,800. Cities coming within these population limits can, by ordinance, decrease or increase the salary fixed by the act. According to the census figures pointed out by appellant only the city of Jonesboro would come within the above limits. This, says appellant, is an attempt by the legislature to classify the cities of Arkansas and is unconstitutional, citing, in support, *Leonard et al.* v. *Luxora-Little River Road Dist.*, 187 Ark. 599, 61 S. W. 2d 70, and *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617. The *Leonard* case involved an attempt to distribute highway funds based on the population and number of judicial districts in certain counties. The court held this violated Amendment No. 14 because the classification was arbitrary and bore no reasonable relationship to the purpose of the act. The *Webb* case held unconstitutional an act which provided for an optional county unit or consolidated school system but undertook to exempt a certain school district and two counties from its provisions. It was said that proper classification is allowable in a general statute, but that classification must have regard to the character of the legislation and not be arbitrary. However the above rule regarding classification does not apply where the subject matter of the act relates to the administration of justice, as it does here. This distinction was clearly made in *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W. 844, where it was said:

"Statutes establishing or abolishing separate courts relate to the administration of justice, and are not either local or special in their operation. Though such an act relates to a court exercising jurisdiction over limited territory, it is general in its operation, and affects all citizens coming within the jurisdiction of the court."

The headnote in *Buzbee* v. *Hutton,* 186 Ark. 134, 52 S. W. 2d 647, reads:

"Statutes establishing or abolishing separate courts relate to the administration of justice and are neither local or special in their operation."

### 3.

It is next insisted that Elms is estopped from recovery because he accepted the salary of $75 per month without objection or protest and with full knowledge of the facts. We cannot agree that estoppel applies to the facts set out above. If Elms had, with full knowledge of his rights, agreed to accept a lesser salary than that provided him by law, there is shown no consideration for such an agreement and it would not be binding. It was so stated in *Duncan* v. *Scott County,* 68 Ark. 276, 57 S. W. 934, where it was contended that the county clerk could not recover the fees allowed by law in connection with reissuing the script of that county because he had agreed with the county judge that he would make no charges. In sustaining the clerk's claim the court used this language:

"If there was any consideration accruing to the appellant, it was an illegal one, and therefore no consideration. Otherwise, it was a mere voluntary agreement on the part of the appellant, having no binding force in law. He was by law entitled to the fees allowed by the county court, and he is estopped by no antecedent agreement to waive them."

A contract to pay an officer more or less compensation than that fixed by law is contrary to public policy and void. This statement was approved in *Cobb* v. *Scoggin,* 85 Ark. 106, at page 111, 107 S. W. 188, and in *Pulaski County* v. *Caple,* 191 Ark. 340, at page 347, 86 S. W. 2d 4.

### 4.

It is finally urged that this cause should be reversed because the court allowed appellee to introduce in evidence [by stipulation] a letter from the Attorney General which contained the opinion that Act 210 was binding on the city to pay the full salary. We think there is

merit in appellee's contention that no proper objection was made to the introduction of this letter. The record does not reveal that the question of its admissibility was ever presented to the court, or that the court had an opportunity to or in fact did ever pass on the question. However it is sufficient to say that the letter amounted to no more than a voluntary opinion of the law, or it might be likened to a brief *amicus curiae*. The judge tried the case without a jury, there is nothing to indicate he relied on the letter in reaching the conclusion he did, and it certainly contained no evidence which could have influenced his decision.

For the reasons stated above the judgment of the lower court is affirmed.