### TAYLOR *v.* AUDITOR GENERAL.

1. JUDGES—SUPERIOR COURT OF GRAND RAPIDS—SALARY—INCREASE DURING TERM.

   The salary of the judge of the superior court of Grand Rapids may not be increased during term, since to do so would be contrary to the provision of the Constitution prohibiting an increase of salary of public officers after election or appointment and such judge is not within the exception pertaining to circuit judges (Const 1908, art 16, § 3; CLS 1952, § 727.6).

2. SAME—CONSTRUCTION OF STATUTES—INCREASE OF SALARIES.

   The statute providing that the judge of the superior court of Grand Rapids shall receive the same salary from the State as circuit judges and the statute providing for the salary of the circuit judges must be read together but the salary of the judge of the superior court may not be increased during his term of office for to do so would violate the provision of the Constitution prohibiting increases during such time (Const 1908, art 16, § 3; CLS 1952, § 727.6; CL 1948, § 602.5, as amended by PA 1949, No 103, and PA 1954, No 155).

3. COURTS—SUPERIOR COURT OF GRAND RAPIDS—CIRCUIT COURTS—JUDGES.

   The superior court of Grand Rapids is a municipal court and not a circuit court and the judge of the superior court, although a State officer, is not a circuit judge, as the term is used in the Constitution in section relating to salaries of public officers (Const 1908, art 16, § 3; CL 1948, § 602.5, as amended by PA 1949, No 103, and PA 1954, No 155).

4. JUDGES—SALARIES—STATUTES—INCREASE IN SALARY.

   The legislature may not fix the salary of the judge of the superior court of Grand Rapids by reference and thereby circumvent provision of the Constitution inhibiting an increase

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] See, generally, 30 Am Jur, Judges §§ 28, 29.
[5] 14 Am Jur, Costs §§ 37, 91.

of salary during term (Const 1908, art 16, § 3; CL 1948, § 602.5, as amended by PA 1949, No 103, and PA 1954, No 155).

5. COSTS—PUBLIC QUESTION—SALARY OF JUDGE OF SUPERIOR COURT
OF GRAND RAPIDS.

No costs are allowed in mandamus proceeding by judge of superior court of Grand Rapids to compel auditor general to prepare payroll vouchers in accordance with salary ·increases accorded circuit judges, a public question being involved (Const 1908, art 16, § 3; CL 1948, § 602.5, as amended by PA 1949, No 103, and PA 1954, No 155).

Original petition by Thaddeus B. Taylor, Judge of the Superior Court of Grand Rapids, for a writ of mandamus to compel John B. Martin, Auditor General of the State, to prepare payroll vouchers in accordance with salary increase accorded circuit judges. Submitted January 4, 1955. (Calendar No. 46,339.) Writ denied April 14, 1955. Rehearing denied June 7, 1955.

*L. K. Varnum,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

BOYLES, J. This is an original proceeding in this Court whereby plaintiff, who is the judge of the superior court of Grand Rapids, seeks a writ of mandamus to compel the auditor general to deliver to him payroll vouchers for the salary fixed for circuit judges by PA 1954, No 155.

Petitioner's present term of office is for 6 years, and commenced May 1, 1953. PA 1954, No 155,* effective August 13, 1954, reads, in part, as follows:

* Amending CL 1948, § 602.58, as last amended by PA 1949, No 103 (Stat Ann 1955 Cum Supp § 27.195).

"Each circuit judge and each of the judges of the recorder's court shall receive an annual salary of $12,500."

PA 1949, No 275, § 6,* provides for the salary of judges of the superior court of Grand Rapids as follows:

"The judge of said superior court shall receive from the treasury of the State of Michigan the same annual salary as may be payable to circuit judges, and payable in the same manner as are circuit judges. The judge of said court may receive such additional sum as the city commission of Grand Rapids may provide, to be paid by said city in the same manner as are city officers."

The defendant auditor general argues that payment to plaintiff may not lawfully be made of the additional sums which he seeks, because prohibited by article 16, § 3, of the Constitution (1908), which reads in part as follows:

"Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment."

Defendant claims that the plaintiff is not a circuit judge, therefore not within the above exception of circuit judges in article 16, § 3; wherefore the inhibition against an increase in salary must apply to him. Plaintiff admits that he is not a circuit judge, but claims that his salary is fixed by PA 1949, No 275, which became effective before his term of office, rather than by PA 1954, No 155, which took effect after the commencement of his term.

But the 1949 act makes no provision for an increase of salaries of superior court judges during term. If it should be so construed, it would run

* CLS 1952, § 727.6 (Stat Ann 1953 Cum Supp § 27.3616).

counter to the inhibition in article 16, § 3. While said Act No 155 increased the annual salary of circuit and recorder's court judges to $12,500 from $9,000 fixed by PA 1949, No 103,* which act it amends, it significantly omits any increase of salary for superior court judges, although they were included in the increase by said PA 1949, No 103. In the instant proceeding the plaintiff would, in effect, include superior court judges in the increase provided for in the 1954 act.

PA 1949, No 275, on which the plaintiff relies in part, and PA 1954, No 155, on which the plaintiff also relies in part, for the increase, must be read together and so construed. The 1949 act, by connecting the salaries of superior court judges to the salaries of circuit judges, plainly indicates such a legislative intent. The net result of plaintiff's claim for the increase would be to increase his salary during term, which began May 1, 1953. PA 1954, No 155, increasing the salary of circuit judges, became effective August 13, 1954, during plaintiff's term of office. Plaintiff, not being a circuit judge at that time, does not come within the exception in article 16, § 3, of the Constitution prohibiting an increase in salary for public officers during term, "except circuit judges."

In *Dunham* v. *Tilma*, 191 Mich 688, a judge of the superior court of Grand Rapids sought mandamus to compel the city comptroller of Grand Rapids to audit the judge's claim for an increase in salary under an amendment to the statute increasing the annual salaries of circuit judges and that of the judges of the recorder's and superior courts; which act went into effect after the plaintiff had been elected and during his term of office. This Court,

---

* CLS 1952, § 602.58 (Stat Ann 1953 Cum Supp § 27.195).—RE-PORTER.

referring to article 16, § 3, of the State Constitution, said (pp 690, 691, 693, 694):

"The only question involved in the application and submitted to this Court is whether relator is prohibited from receiving the additional salary by the terms of the constitutional provision above cited. It is the contention in his behalf that the superior court is a court of record with an original jurisdiction, within the territorial limits of the city, coordinate with that of circuit judges, and that the judge of such a court comes within the classification, 'circuit judge,' and is therefore exempted from the limitation of the constitutional provision. In passing upon this question it must be conceded that the judge of the superior court is a State officer, and that the court, by the act of the legislature creating it, has been made one of great power and dignity. But it is not a circuit court, and the judge thereof is not a circuit judge. * * * The superior court of Grand Rapids was professedly organized as a municipal court. The term 'circuit judges' in the section of the Constitution first referred to can no more be held to include judges of municipal courts than can the same term in other sections of the Constitution. * * * He does not come within the exemption allowed to circuit judges."

The provision of the Constitution is clear. The legislature cannot fix plaintiff's salary by reference and thus circumvent the express constitutional inhibition against the increase of plaintiff's salary during term. He is not a circuit judge, does not come within the plainly worded exception to the constitutional inhibition, and his salary cannot be increased during term.

Writ dismissed. No costs, a public question being involved.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.