## LEE v CITY OF TAYLOR

1. MUNICIPAL CORPORATIONS—ORDINANCES—REPEAL—EQUAL DIGNITY.
   A municipal corporation may repeal an ordinance only by an act of equal dignity and formality as that which enacted it.

2. MUNICIPAL CORPORATIONS—ELECTED OFFICIALS—SALARY INCREASES
   —CITY CHARTERS—ORDINANCES—RESOLUTIONS.
   An ordinance was necessary to both enact and subsequently repeal salary increases for certain elected city officials of the City of Taylor where the charter so provided; where the substance of city action requires the adoption of an ordinance, a resolution cannot operate as a de facto ordinance, and the attempt to legislate by resolution is simply a nullity. (Taylor City Charter, § 4.8[d], 4.9[e] [2]).

3. MUNICIPAL CORPORATIONS—CITY CHARTERS—ORDINANCES—SALARY
   INCREASES—ELECTED OFFICIALS—COST-OF-LIVING ESCALATOR—
   CORRESPONDING DECREASES—BASE YEAR—CONSTRUCTION.
   An ordinance passed by the city council of the City of Taylor which effected an increase in the salaries of some officials to be elected in the future and which contained a cost-of-living escalator clause tied to the Consumer Price Index for Urban Wage Earners but did not provide for a corresponding salary decrease if the index should go down, nor provide for a base salary year (thus describing a schedule of compounding increments) portends a continuing yearly increase in the salary of those officials to be elected which violates the provisions of the city charter barring increases in the salaries of elected officials during their terms of office; such charter provisions are construed strictly to restrain attempts to evade them (Taylor City Charter, § 4.8[d], 4.9[e] [2]).

4. MUNICIPAL CORPORATIONS—CITY CHARTERS—ELECTED OFFICIALS—
   SALARY INCREASES—COST-OF-LIVING ESCALATOR—PREVIOUS SALARY—CIRCUMVENTING INHIBITION.
   A cost-of-living escalator clause which specifically fixes and

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 410–414.

[2–4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 262.

amends the salaries of elected officials by reference to the previous year's salary will not be allowed to circumvent an inhibition in a city charter against an increase in the salary of elected officials during their term.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted June 5, 1975, at Detroit. (Docket No. 20409.) Decided August 12, 1975.

Complaint by Roseann Lee, Betty Dickes, Lillian Stack, and Zina Hudgins against the City of Taylor seeking a declaratory judgment and injunctive relief against an ordinance providing for the payment and against the payment of increased salaries to certain elected officials. Judgment for defendant. Plaintiffs appeal. Affirmed in part and reversed in part.

*James E. Wells,* for plaintiffs.

*Kasoff, Young, Gottesman, Kovinsky & Friedman,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and R. m. MAHER, JJ.

R. B. BURNS, J. Plaintiffs, citizens of Taylor, appeal from a summary judgment of dismissal entered by the Wayne County Circuit Court.

On February 26, 1973, the city council of Taylor adopted Ordinance 73-22 effecting an increase in the salary of certain city officials, *i.e.,* the mayor, city treasurer, city clerk and members of the council. The effective date of the increase was January 1, 1974, the beginning of the next term of the benefitted offices.

On March 26, 1973, plaintiffs filed referendum petitions to have the ordinance reconsidered pursuant to § 7.9 of the Taylor city charter. On April

3, 1973, these petitions were ruled invalid on procedural grounds.

On May 29, 1973, the city council passed a resolution purporting to repeal the ordinance. On December 17, 1973, the city attorney formally advised the council that the attempt to repeal the ordinance by resolution was ineffective, and that the ordinance was still in effect.

On February 8, 1974, plaintiffs filed a complaint in the Wayne County Circuit Court seeking a declaratory judgment and injunctive relief against the ordinance and the payment of the increased salaries to the officials. The trial court granted defendant's motion for summary judgment and dismissed the case. Plaintiffs appeal.

The trial court was correct in its determination that the city council's attempt to repeal the ordinance by resolution is void. It is settled that a municipal corporation may only repeal an ordinance by an act of equal dignity and formality. *Saginaw v Consumers Power Co*, 213 Mich 460; 182 NW 146 (1921), 6 McQuillin, Municipal Corporations (3d ed), § 21.13, p 212.

The Taylor city charter, § 4.9(e), expressly provides that increases in the salary of elected officials "shall be by an ordinance adopted by the council, and not by a resolution". In *Rollingwood Homeowners Corp v Flint*, 386 Mich 258, 267; 191 NW2d 325, 330 (1971), the Michigan Supreme Court stated:

"It follows that where the substance of city action requires the adoption of an ordinance, a resolution cannot operate as a *de facto* ordinance. The attempt to legislate by resolution is simply a nullity."

An ordinance was necessary to both enact and

subsequently repeal this salary increase. It remains in effect.

The circuit court undertook review of the charter provisions relating to salary increases for elected officials, and concluded that Ordinance 73-22 was not in violation thereof. At § 4.9(e)(2), the charter provides that "[t]he salary or emolument of any public official shall not be changed after his election or appointment or during his term of office". Similarly, § 4.8(d) prohibits salary changes "from the time of his election until the end of the term of office for which he was elected". We conclude that the result of Ordinance 73-22 is precisely what is proscribed by these provisions.

The offensiveness of this ordinance inhers in its cost-of-living escalator clause. This escalator was tied to the official Consumer Price Index for Urban Wage Earners published by the U. S. Department of Labor. The salary for "each following year" was to be determined by "an amount reflecting the change in cost of living over the previous year". As passed, this clause was significantly different from a usual such escalator in two respects: first, it did not provide for a base year, and thus described a schedule of compounding increments; and second, it did not provide for a corresponding salary decrease if the CPI should go down.

The trial court missed the point. It is true that the ordinance did not increase the salaries of the then present city officials, its effectiveness postdating their terms of office. Yet it is manifest that the escalator clause itself portends a continuing, *i.e.,* yearly, increase in the salary of those officials to be elected for the following (now present) term. It is *this* increase that violates § 4.8(d) and § 4.9(e)(2) of the Taylor city charter. We are inclined to construe such provisions strictly by "restraining

attempts to evade them", *Barrus v Engel,* 186 Mich 540, 544; 152 NW 950 (1915), 4 McQuillin, Municipal Corporations (3d ed), § 12.198, pp 97–98.

In *Taylor v Auditor General,* 342 Mich 265, 269; 69 NW2d 823, 825 (1955), the Supreme Court stated that the Legislature "cannot fix plaintiff's salary by reference and thus circumvent the * * * inhibition against the increase of plaintiff's salary during term". This escalator clause specifically fixes (and amends) the officials' salaries by "reference" to the previous year's salary with the same circumventing effect.

We notice Taylor Ordinance 74-35 amends Ordinance 73-22 by providing for a base year and eliminates the compounding effect of the escalator. It is not sufficiently curative of the original ordinance.

There is nothing wrong with the city council determining via Ordinance 73-22 to raise the base salaries of the city officials in question. We specifically strike the escalator clause as contrary to express provisions of the Taylor city charter.

Affirmed in part and reversed in part.

No costs, a public question being involved.