ARTHUR A. MARSHALL, JR. *v.* DIRECTOR
OF FINANCE FOR PRINCE
GEORGE'S COUNTY,
MARYLAND ET AL.

[No. 166, September Term, 1981.]

*Decided October 6, 1982.*

The cause was argued before MURPHY, C. J., and SMITH,
ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Alan J. Goldstein,* with whom were *Horowitz, Oneglia,
Goldstein, Foran & Parker, P.A.* on the brief, for appellant.

*Robert B. Ostrom, County Attorney,* with whom were
*Michael O. Connaughton, Deputy County Attorney,* and
*Robert N. Stokes, Jr., Associate County Attorney,* on the
brief, for appellees.

COLE, J., delivered the opinion of the Court.

We shall decide in this case whether the State's Attorney for Prince George's County is entitled to an increase in salary when the legislation authorizing such increase was enacted after his term had begun. The facts are not disputed.

Arthur A. Marshall, Jr. was elected to the office of State's Attorney for Prince George's County in November, 1978 and his term began on January 1, 1979. At that time his salary was $45,510.00, as determined by Maryland Code (1957, 1981 Repl. Vol.) Article 10, § 40 (q), which directs that the salary of the State's Attorney for Prince George's County shall be equal to that of the circuit judges of the eight judicial circuits. In July, 1980, the circuit judges received a salary increase, which ostensibly increased Marshall's salary to $52,500.00. In March, 1981, the County Executive for Prince George's County, Lawrence J. Hogan, notified Marshall that he would instruct the Director of Finance for Prince George's County, William R. Brown, Jr., to reduce Marshall's salary to the $45,510.00 that he was receiving at the beginning of his term.

Understandably unsettled by this action, Marshall sought an injunction from the Circuit Court for Prince George's County to prevent the reduction of his wages, naming Hogan and Brown as defendants. Hogan and Brown first demurred, which response was overruled. They then filed a motion for summary judgment on the basis that there was no genuine dispute as to the facts involved and that Article III, § 35 of the Maryland Constitution forbade the salary increase involved. The Circuit Court, after hearing argument from counsel, granted the motion for summary judgment. Marshall appealed this decision to the Court of Special Appeals and, before consideration by that court, this Court granted certiorari to consider the constitutional question presented.

Article 10 § 40 (q) (1) of the Code, at the time pertinent herein, provided that:

> The State's Attorney's salary shall be equal to the salary of the circuit judges of the several courts of the eight judicial circuits. The State's Attorney,

during his term of office, shall not, except in con-
nection with and in the performance of his duties as
such State's Attorney, appear as counsel or rep-
resent any party professionally before any court,
board, commission, or agency of this State or any
county or political subdivision of this State. It is
intended by the provisions herein that the State's
Attorney shall not engage in the private practice of
law in any matter whatsoever. [Emphasis
supplied.]

Thus, Marshall contends that his salary is inextricably
linked with the salary of circuit court judges and whenever
the judges enjoy an increase in salary so does he.

Nevertheless, Hogan directed Brown to reduce Marshall's
salary to the figure at which it was fixed on January 1, 1979
on the advice of the County Attorney who suggested that the
July, 1980 increase Marshall received violated the restric-
tions of Article III, § 35 of the Maryland Constitution, to wit:

Extra compensation may not be granted or allowed
by the General Assembly to any public Officer ...
after the service has been rendered, ... nor may
the salary or compensation of any public officer be
increased or diminished during his term of office
except those whose full term of office is fixed by law
in excess of four years.

We have had occasion in the past to interpret this
constitutional provision. In *Anne Arundel County v.
Goodman,* 172 Md. 559, 192 A. 325 (1937), we decided that
Article III, § 35 forbade the County Commissioners from
reducing the salary of the State's Attorney during his term
of office and that even an agreement by a public officer to
accept less than his statutory salary was void and against
public policy. In *Pressman v. D'Alesandro,* 211 Md. 50, 125
A.2d 35 (1956), we held that the Mayor of Baltimore City,
the City Comptroller, and the President and Vice-President
of the City Council, as well as the Council members, are
public officers within the meaning of Article III, § 35 and

thus are prohibited from raising their salaries during their terms of office. Earlier in *Calvert County v. Monnett,* 164 Md. 101, 164 A. 155 (1933), we determined that Article III, § 35 is applicable to offices created by the legislature as well as the Constitution and held that this section prevented a reduction in salary of the county treasurer. In *Comptroller v. Klein,* 215 Md. 427, 138 A.2d 648 (1958), we held that a public officer who was appointed to fill out an unexpired term was entitled to receive an increase in salary which was provided for after the appointment of his predecessor but before the appointment of the incumbent. We further recognized in *Klein* that the basic purpose of § 35 of the Article is to preserve integrity in government. We said

> [t]he second clause was intended to prevent a public officer from using his office for the purpose of putting pressure upon the General Assembly or other authorized agency to award him additional compensation and, on the other hand, to prevent the General Assembly or other agency from putting pressure on a public officer by offering him increased compensation or threatening a decrease thereof. [*Id.* at 434.]

Perhaps, the evil to be avoided by this constitutional provision was best described by one of this country's most renowned statesman:

> The Legislature, with a discretionary power over the salary and emoluments of the Chief Magistrate, could render him as obsequious to their will, as they might think proper to make him. They might in most cases either reduce him by famine, or tempt him by largesses, to surrender at discretion his judgment to their inclinations. . . . [I]n the main it will be found, that a power over a man's support is a power over his will. [The Federalist No. 73 (A. Hamilton).]

Here, Marshall's case is factually unique. Obviously, if the legislature sought to enact a pay raise for Marshall by leg-

islation after his term had begun it would directly conflict with the Constitution and be unenforceable. If a statute granting a pay raise was enacted before his term of office began, to take effect with the commencement of his term, it, would not ordinarily violate the constitutional restriction. What we have, however, is legislation, linking Marshall's salary to that of other public officials, enacted before Marshall took office and then action of the legislature granting a raise to those officials, and indirectly to Marshall, after Marshall took office. While this may be the first time this situation has confronted this Court, it is not the first time it has arisen elsewhere.

In *Taylor v. Martin,* 342 Mich. 265, 69 N.W.2d 823 (1955), the Michigan legislature had passed a law in 1949 providing that superior court judges were to receive the same salary as circuit court judges. The Michigan Constitution provided that:

> Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment. [Michigan Constitution, Article 16, § 3.]

A superior court judge's term began in 1953 and the Michigan legislature enacted a salary increase for the circuit judges in 1954. In a tersely worded holding the Michigan Supreme Court rejected the proposition that the raise for the circuit judges entitled the superior court judge to a raise. The court held:

> The provision of the Constitution is clear. The legislature cannot fix plaintiff's [the superior court judge's] salary by reference and thus circumvent the express constitutional inhibition against the increase of plaintiff's salary during term. He is not a circuit judge, does not come within the plainly worded exception to the constitutional inhibition, and his salary cannot be increased during term. [*Taylor v. Martin, supra,* 69 N.W.2d at 825.]

We find the decision of the Michigan Court to be

persuasive. The raise in salary that Marshall received was the result, although indirect, of legislation enacted during his term of office. While the record does not suggest that the legislative action resulted from pressure from any source, nevertheless, the salary increase Marshall received violated both the spirit and the letter of Article III, § 35.

We hold, therefore, that where a public officer's salary is increased, directly or indirectly, by legislation enacted during his term of office, there is a violation of Article III, § 35 of the Constitution. We do not imply, however, that Article 10, § 40 (q) is unconstitutional. The legislature is presumed to intend that its enactments be harmonious, rather than at odds, with the Constitution. As we see it, Article 10, § 40 (q) correctly may be construed to allow the State's Attorney for Prince George's County's salary to be determined by the salary of circuit court judges at the beginning of his term of office but said salary cannot be raised by legislative action during the term.[1]

Marshall also contends that summary judgment was improper in the present case as the trial court had overruled a demurrer which raised the same issue as that upon which the summary judgment was based. However, when the trial court overruled the demurrer, Hogan and Brown answered and in so doing admitted certain of the allegations made by Marshall. As a result of the pleadings and memoranda of law submitted to the trial court, the posture of the case changed so that the material facts were admitted and the only question was a legal one: whether the statute as applied violated Article III, § 35 of the Constitution. It did. Therefore, the trial court did not abuse his discretion by granting the motion for summary judgment.

> *Judgment affirmed.*
> *Appellant to pay the costs.*

---

1. We are aware that by Chapter 399 of the Laws of 1982, the General Assembly designated the State's Attorney's salary for Prince George's County to be $58,000 for the year 1983, $60,900 for the year 1984, $63,945 for the year 1985; and $67,143 for the year 1986. The constitutionality of this Act is not before us and we do not pass upon it.