Kie D. Hall Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201
RE: Salary-Reduction "Cafeteria Plans"
Dear Mr. Hall:
We are writing in response to your request for our opinion whether the State of Arkansas and its political subdivisions are prohibited by state law from offering "cafeteria" salary-reduction plans under Section 125 of the Internal Revenue Code, as amended by the Tax Reform Act of 1986. Based on the following reasoning, it is our opinion that there is no state law prohibiting such a plan from being offered to most state employees. However, Amendment 43 provides that the salaries of supreme, circuit, chancery and municipal court judges will not be diminished during the term for which they are elected. In addition, there exists in Arkansas the common law doctrine that an agreement to pay a state officer whose salary is fixed at a specific sum by statute or by constitutional provision is void as contrary to public policy. See e.g., City of Stuttgart v. Elms, 220 Ark. 722, 249 S.W.2d 829, 831
(1952). Finally, since Amendment 56 4 to the Arkansas Constitution placed responsibility for the compensation of municipal officers and officials in the governing body of the municipality subject to limits established by law, we are unable to offer an opinion as to whether the "cafeteria" salary-reduction plan is prohibited by local ordinances. Our office does not have reasonable access to all municipal ordinances for the various municipalities in Arkansas.
Generally, "cafeteria plans" are flexible benefit plans wherein participating employees are offered the choice between two or more statutory, tax exempt benefits in exchange for a salary reduction or giving up a salary increase. 26 U.S.C. § 125. Such a plan cannot discriminate in favor of highly-compensated individuals as to eligibility for participation, nor in favor of those individuals with respect to contributions and benefits. 26 U.S.C. § 125(b),(c). The participating employee may enter into only one legally binding salary-reduction plan each year.
We found no statutory bar to "cafeteria" salary-reduction plan in either the general salary and compensation statutes (Ark. Stat. Ann. 12-1601, et seq.) or the Uniform Classification and Compensation Act (12-3201, et seq.). Further, salary-reduction plans do not appear to be barred under the statutes governing compensation for highway department employees (Ark. Stat. Ann. 76-201, et seq.), employees in the educational system (Ark. Stat. Ann. 80-4701, et seq.) or National Guard personnel (Ark. Stat. Ann. 11-901, et seq.) However, there appear to be two classes of state employees for which salary reductions are prohibited: judges of the supreme court, circuit courts, chancery courts, and municipal courts, and state officers whose salaries are fixed at a sum certain by statute or constitutional provision.
Amendment 43 to the Arkansas Constitution provides that the "salaries and expenses (of the judges) may be increased but not diminished during the term for which such judges are elected. . . ." This constitutional proscription might be avoided by arguing that the "salary-reduction" is not actually a "reduction" but merely a quid pro quo exchange of one form of remuneration for another. However, this would present a case of first impression in Arkansas. Since we are unable to predict how a court challenge to salary reduction plans for judges would turn out, we felt it best to draw this potential problem to your attention.
As to state officers whose salaries are set at a sum certain by statute or by constitutional provision [e.g. members of the general assembly ($7,500); Amendment 56, 3], you should be aware of the common law doctrine that an agreement by such officers to accept less than the salary fixed by statute is void. City of Stuttgart v. Elms, 220 Ark. 722, 249 S.W.2d 829, 831 (1952). This doctrine apparently only applies to salaries fixed at a sum certain, not to those salaries within a given range with a statutory maximum. Id. Accordingly, there exists the possibility that a state officer whose salary is fixed at a sum certain by statute or by constitutional provision will not be able to enter into a salary-reduction "cafeteria" plan. Whether the "quid pro quo" argument identified in the preceding paragraph would satisfy this common law rule would also be a question of first impression for Arkansas courts.
Finally, there may exist local ordinances governing municipal entities which prohibit such plans. However, as we do not have access to the ordinances of the various municipalities within the state, we can offer no opinion as to whether salary-reduction plans are prohibited by such ordinances.
We hope that the foregoing will prove of material benefit to you. This opinion, which I hereby approve, was written by Assistant Attorney Frank J. Wills. If we can be of further assistance, please advise.